835 S.W.2d 100 (1992)
Belinda Moore ROGERS, Petitioner,
v.
Robert STELL and Mary Stell, Respondents.
No. D-2348.
Supreme Court of Texas.
July 1, 1992.
G. David Westfall, Dallas, for petitioner.
James Lee Williams, Dallas, for respondents.
PER CURIAM.
We hold that an undisclosed individual party witness may testify at trial where the party did not respond to or supplement her response to an interrogatory seeking persons expected to be called at trial, but properly identified herself as a person with knowledge of relevant facts.
After a traffic accident, Robert and Mary Stell sued Belinda Rogers for property damage to their car. Among the twentythree interrogatories Rogers answered were the following: INTERROGATORY NO. 11: List the names and addresses of all persons who have knowledge of the facts of said occurrence or of the damages referred to in our Petition, and state what specific knowledge or information each such person possesses.
ANSWER: (1) Belinda Moore Rogers (2) Ellis C. Rogers (3) Mrs. Mary Stell

*101 INTERROGATORY NO. 13: Give the name and address of any witness whom you intend to call to testify in this case.
Although she objected to both of these interrogatories, Rogers provided a response only to the first one, listing herself as a person having knowledge of relevant facts. She did not appear at the hearing. The trial court overruled all objections, refused to allow Rogers to testify in her own defense, and rendered judgment in the Stells' favor. The court of appeals affirmed. 828 S.W.2d 115.
Rogers correctly argues that our rules do not permit an interrogatory compelling a party to reveal the witnesses he expects to call at trial. However, she failed to preserve this argument because her only objections to the question were that it was excessively burdensome, an unnecessary expense, and harassment. See Gutierrez v. Dallas Indep. Sch. Dist, 729 S.W.2d 691, 693 (Tex.1987).
Rogers's response to Interrogatory No. 11, however, stated that she had knowledge of facts relevant to the accident. Her answers to the remaining interrogatories also clearly conveyed that Rogers witnessed the accident and provided her statement of what happened. On this basis, Rogers asserts there was good cause to admit her testimony under Tex.R.Civ.P. 215.5.[1]
We recently held in Smith v. Southwest Feed Yards, Ltd., 835 S.W.2d 89, 91 (Tex. 1992), that "where the answer to another query in a single, short set of interrogatories plainly indicated that the individual responding had knowledge of relevant facts, the trial court abused its discretion by failing to find `good cause' to permit that party's testimony." Rogers was clearly identified as having knowledge of relevant facts. The trial court abused its discretion in barring her testimony. Cf. Exocet, Inc. v. Cordes, 815 S.W.2d 350, 352 (Tex.App.Austin 1991, no writ) (upholding trial court's discretion to admit testimony of party not identified in response to an interrogatory seeking witness list).
Pursuant to Rule 170, Tex.R.App.P., without hearing oral argument, a majority of this court grants the application for writ of error, reverses the judgment of the court of appeals, and remands the case to the trial court for further proceedings.
NOTES
[1] Rule 215.5 provides:

A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficent to require admission exists.