David **GUERRERO** and Robert Guerrero, Appellants,

v.

Clara **SANDERS**, Individually and as Next Friend of Glen Preston, a Minor, Appellee.

No. 2–90–238–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 12, 1992.

Opinion on Rehearing, Feb. 2, 1993.

Opinion Withdrawn in Part on Rehearing Feb. 2, 1993.

Before JOE SPURLOCK, II and LATTIMORE and HILL, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This appeal is by David Guerrero from a judgment in a personal injury case. The jury found him 90% negligent of causing injuries to Glen Preston, a minor. In six points of error, Guerrero asserts that the trial court erred in: (1) denying him permission to read Clara Sanders' deposition to the jury; (2) charging the jury on two occasions that Preston was a minor; (3) overruling his objections to overemphasis in the court's charge that Preston was a minor; (4) failing to incorporate an inquiry in Question No. 1 of the court's charge as to Clara Sanders' negligence; (5) failing to incorporate an inquiry as to Clara Sanders' attribution of the negligence in Question No. 2 of the court's charge; and (6) failing to include a more adequate instruction within Question No. 3 of the court's charge.

We affirm.

### Statement of Facts

Guerrero, while driving his car, collided with Preston, who was riding a bicycle. Preston's bicycle hit the front license plate of Guerrero's car, causing him to fall sideways and fracture his tibia. Clara Sanders brought the suit in her individual capacity as the minor's mother as well as the next friend of her minor child, Preston.

Preston was nine years old at the time of the accident. Guerrero asserts that the bicycle on which he was riding was too big for him and that the brakes on the bicycle were defective and that Preston had to drag his feet to slow down or stop. Guerrero also argues that Preston was traveling at a very high rate of speed just prior to the accident. At trial, there was conflicting evidence as to how fast the car and the bicycle were moving upon impact and whether the child had stopped at a yield sign which he came upon just prior to the accident.

Jearl Walker, Fort Worth, for appellants.

The Dent Law Firm, and Robert Haslam, Fort Worth, for appellee.

## Appellant's Points of Error

In his first point of error, Guerrero maintains that the trial court erred in not allowing him to read a portion of Sanders' deposition into the record. The plaintiff named Sanders as a person with relevant information. However, Guerrero did not name her, although he did have her oral deposition taken. At trial, Sanders neither took the witness stand nor did she have any portion of her deposition read in her own behalf. Guerrero asked to read Sanders' oral deposition to the jury. Sanders objected because Guerrero had not named her as a person with relevant information in his response to interrogatories. The court sustained the objection.

The primary issue for our determination under this point is whether Sanders, in light of the fact that she is a party litigant, should be an exception to the rule of naming persons with relevant information in interrogatories in order to qualify to testify. Texas Rule of Civil Procedure 215(5) provides:

> **5. Failure to Respond to or Supplement Discovery.**
>
> A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

TEX.R.CIV.P. 215(5). The Texas Supreme Court in *Alvarado v. Farah Mfg. Co., Inc.* recently held:

> The salutary purpose of Rule 215.5 is to require complete responses to discovery so as to promote responsible assessment of settlement and prevent trial by ambush. (Citations omitted.) The rule is mandatory, and its sole sanction—exclusion of evidence—is automatic, unless there is good cause to excuse its imposition. The good cause exception permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances. (Citation omitted.) The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause.

*Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 914 (Tex.1992).

In the recent case of *Smith v. Southwest Feed Yards,* 835 S.W.2d 89 (Tex.1992), the Texas Supreme Court addressed the issue of whether the sanction imposed by rule 215(5) should apply to an undisclosed party.[1] *See also Henry S. Miller v. Bynum,* 836 S.W.2d 160 (Tex.1992). First, the supreme court in *Smith* noted that even though an undisclosed witness is a party, such does not in and of itself constitute "good cause." *Smith,* 835 S.W.2d at 89.

---

1. The First Court in Houston as well as the Amarillo and Dallas courts had previously considered the issue. *See Rogers v. Stell,* 828 S.W.2d 115, 116–18 (Tex.App.—Dallas 1992), *rev'd per curiam,* 835 S.W.2d 100 (Tex.1992); *Smith v. Southwest Feed Yards, Ltd.,* 811 S.W.2d 717, 718 (Tex.App.—Amarillo 1991), *rev'd,* 835 S.W.2d 89 (Tex.1992); *NCL Studs, Inc. v. Jandl,* 792 S.W.2d 182, 184–86 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Henry S. Miller Co. v. Bynum,* 797 S.W.2d 51, 57–58 (Tex.App.—Houston [1st Dist.] 1990, *aff'd,* 836 S.W.2d 160 (Tex. 1992).

The Houston court held that the status as a party, in and of itself, constitutes good cause. *See Jandl,* 792 S.W.2d at 186 (party defendant); *Miller,* 797 S.W.2d at 57–58 (party plaintiff). In contrast, the Amarillo and Dallas courts held that good cause is not satisfied by simply showing that the undisclosed witness was a named party. *See Rogers,* 828 S.W.2d at 118; *Smith,* 811 S.W.2d at 719–21. The Dallas court stated:

> Lawsuits are not always between individuals, but may involve classes, multiple parties, or entities such as corporations and partnerships. (Citation omitted.) Rule 166b does not exempt the parties of the litigation from the scope of discovery. TEX.R.CIV.P. 166b(2)(d). If we exempt parties from compliance with the rules by protecting them from the sanctions of rule 215, we open the door to a host of judicial exceptions.

*Rogers,* 828 S.W.2d at 118.

Second, we will attempt to delineate the scope of this party exception as set forth in *Smith* while reconciling such with the recent decision in *Alvarado*, 830 S.W.2d 911. We choose not to further expand the "good cause" exception of rule 215(5) beyond the specific fact pattern outlined in *Smith*. In fact, the supreme court emphasizes in *Smith* that the holding was intentionally narrow to prevent the exceptions from consuming the rule. *Smith*, 835 S.W.2d at 91. Our interpretation of the holding in *Smith* is that the context and entirety of a party's responses to interrogatories or other discovery should be taken into account by the trial court when determining whether good cause sufficient to require admission of the evidence exists. Additionally, we interpret this decision to only apply to "individual" party litigants when said party is attempting to testify in his or her own behalf. *Smith*, 835 S.W.2d at 89. This exception does not apply to class actions or other multiple party litigation; additionally, we are not inclined to extend it to cases in which one party has failed to list the other party as a person with knowledge of relevant facts in response to interrogatories and then attempts to call the other party to testify or introduce that party's deposition testimony at trial. We conclude that further relaxation of the good cause standard for undisclosed party witnesses would impair the purpose of rule 215(5).

Therefore, given rule 215(5)'s present clarity, we choose not to amend this rule by augmenting the "good cause" exception beyond the supreme court's narrow language in *Smith*. We hold that a party to an action is required to be identified in response to an authorized discovery request unless such "individual" party litigant is attempting to testify in his or her own behalf; in such a case, the trial court should consider the entirety of the party's discovery responses in making its good cause determination. *Smith*, 835 S.W.2d at 91; *Alvarado*, 830 S.W.2d at 914. The testimony of undisclosed party witnesses is subject to rule 215 sanction absent a showing of good cause for failure to respond or supplement the same as is testimony of any other person having knowledge of discover-

able matter. Guerrero's first point of error is overruled.

■ In Guerrero's second and third points of error, he asserts that the trial court erred in overemphasizing the fact that Preston was a minor and in overruling his objections to the same. Guerrero complains that on multiple occasions, the trial court unnecessarily stated in the charge that Preston was a minor. However, we find this contention to be completely without merit given the importance of apprising the jury that it should take into consideration the fact that one party was a minor.

The Corpus Christi court has emphasized that in any case where the jury is asked to apportion negligence between an adult and a child, additional instruction should be given to apprise the jury of such. *MacConnell v. Hill*, 569 S.W.2d 524, 528 (Tex.Civ. App.—Corpus Christi 1978, no writ). In the instant case, the trial court did not violate rule 277 of the Texas Rules of Civil Procedure. The rule requires in part that, "The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX.R.CIV.P. 277. The instructions to the jury were consistent with Texas law and sought to adequately apprise the jury that a different standard should be applied in determining the negligence of a child when compared to the negligence of an adult. *MacConnell*, 569 S.W.2d at 528. We hold that the court's references to the fact that Preston was a minor did not cumulatively prejudice the jury. Guerrero's second and third points are overruled.

■ Guerrero propounds in his fourth and fifth points of error that the trial court erred in failing to incorporate in the charge any issues of negligence, proximate cause, or attribution of negligence on the part of the boy's mother, Clara Sanders. However, the record in this case is devoid of any direct evidence which could lead a jury to find Sanders was negligent or was the proximate cause of Preston's injuries. At trial, Preston testified that he was in the care of his grandparents at the time of the accident. In fact, Preston had spent the

day and night before the accident at his grandparent's house. Guerrero did not contend at trial that Sanders was negligent in leaving Preston in the care of his grandparents. After examining the record in this case, we were unable to find any presentation of direct evidence at trial as to whether Sanders was negligent or was the proximate cause of Preston's injuries. We hold that the trial court properly excluded the questions in the charge which related to such. Guerrero's fourth and fifth points of error are overruled.

█ In his sixth point of error, Guerrero maintains that the trial court erred by failing to incorporate a more adequate instruction in the charge. The trial court submitted the following instruction under Question No. 3 to which Guerrero objected. The charge stated:

Do not include any amount for any condition not resulting from the occurrence in question.

We cannot conclude, as Guerrero claims, that such instruction was confusing and probably did cause the rendition of an improper judgment. *See Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986); TEX. R.APP.P. 81(b)(1). Instead, the trial court's instruction simply communicated to the jury that its compensation for injury should be limited to that which resulted from the accident in question. We hold that the trial court's instruction was not erroneous and therefore overrule Guerrero's sixth point of error.

█ In Sanders' sole cross-point of error, she asserts that the trial court erred in failing to award the correct amount of prejudgment interest. The accident in this case occurred on July 1, 1987 with suit being filed four weeks later on July 28, 1987. The trial court determined that prejudgment interest should be calculated from January 11, 1988, 180 days after the date Guerrero received written notice. We agree with Sanders that TEX.REV.CIV.STAT. ANN. art. 5069–1.05, § 6(a) (Vernon Supp. 1992) provides that prejudgment interest should be calculated beginning from the date suit is filed or beginning on the 180th

day after the defendant receives written notice of a claim, whichever is earlier. However, in the present case, we cannot reform the judgment and provide Sanders with 164 days of additional prejudgment interest because she did not except to the judgment, give notice of appeal therefrom, or in any manner give notice to the court of her dissatisfaction with the judgment. *Visage v. Marshall,* 632 S.W.2d 667, 673 (Tex. App.—Tyler 1982, writ ref'd n.r.e.); *Portland Sav. & Loan Ass'n v. Bernstein,* 716 S.W.2d 532, 541 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); TEX.R.APP.P. 52(a). Sanders' cross-point is overruled.

The judgment of the trial court is affirmed.

Before HILL and LATTIMORE, JJ.

## ON REHEARING

HILL, Justice.

In our original opinion, we discussed at length the question of whether Guerrero showed good cause for the use of Clara Sanders' deposition even though he had not listed her, in response to interrogatories, as a person having knowledge of relevant facts.

█ Upon rehearing, we withdraw that portion of the opinion and simply hold that even if the trial court abused its discretion in not receiving the deposition testimony of Clara Sanders, the error was not such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment because her testimony was cumulative of testimony given by her son, Glen Preston.

We note that Guerrero, in his bill of exception, rather than stating the page number and line of Sanders' deposition, as required by the trial court, merely summarized the testimony. Even if we assume that the trial court accepted Guerrero's summary as a bill of exception, the summary showed basically that she would have testified that she warned Glen not to ride the bicycle he was riding, not to ride it on the wrong side of the street, and not to cut the corner; that he knew all of that; and

that his bicycle was located on the wrong side of the street when she arrived at the scene of the accident. In view of Glen's testimony that she had given him those warnings; that he did realize what she had told him; and that he was on the wrong side of the road at the time he was struck by Guerrero's vehicle, we hold, as noted previously, that her testimony was cumulative to the undisputed testimony of her son establishing the same facts, so that the trial court's exclusion of the testimony did not amount to such a denial of Guerrero's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Consequently, we overrule Guerrero's point of error number one for the reasons stated in this opinion on rehearing, rather than for the reason expressed in our original opinion. We overrule Guerrero's motion for rehearing.