McCRIGHT V. LONGHORN 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-035-CV





CINDY McCRIGHT,


 APPELLANT


vs.





LONGHORN CONSULTANTS REALTOR, INC.,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 428,362, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING



 





 Cindy McCright, appellant, filed suit against Longhorn Consultants Realtor, Inc.
("Longhorn"), appellee, seeking damages for violations of (1) the Real Estate License Act, Tex.
Rev. Civ. Stat. Ann. art. 6573a (West 1969 & Supp. 1992); (2) the Deceptive Trade Practices Act
("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1992); and (3) the
statute that prohibits fraud in real estate transactions, Tex. Bus. & Com. Code Ann. § 27.01
(West 1987). McCright also pleaded alternative remedies under several common law theories. 
The trial court rendered a take-nothing judgment against McCright. In seven points of error,
McCright complains that the trial court erred in excluding the testimony of her only two fact
witnesses, in denying her request for a jury trial, and in denying her leave to put on evidence in support of her motion for new trial. In a crosspoint, Longhorn complains that the trial
court erred in excluding evidence offered at trial regarding the issue of damages. We will reverse
the judgment of the trial court and remand the cause for a new trial.

 In May 1987, McCright submitted a contract for purchase of a HUD foreclosure
property located in Austin, Texas, using Longhorn as her real estate agent. When McCright's
offer was rejected, she filed suit against Longhorn based on certain of its actions while
representing her in this real estate transaction.

 At trial, McCright offered the testimony of two fact witnesses: herself and John
Longsworth, who was the sole officer, director, and shareholder of Longhorn. Longhorn objected
to the testimony of both witnesses on the ground that neither had been identified in McCright's
responses to Longhorn's interrogatories. McCright filed a motion for leave to supplement her
responses. The trial court took Longhorn's objections and McCright's motion under advisement
until the close of all the evidence; at that time, the court denied McCright's motion and rendered
a take-nothing judgment.

 In point of error two, McCright complains that the trial court erred in excluding
Longsworth's and her testimony and in rendering a take-nothing judgment. Based on three recent
Texas Supreme Court decisions, Longhorn concedes in its supplemental brief to this Court that
the trial court erred in excluding McCright's testimony. See Henry S. Miller Co. v. Bynum, 836
S.W.2d 160 (Tex. 1992); Smith v. Southwest Feed Yards, 835 S.W.2d 89 (Tex. 1992); Rogers
v. Stell, 835 S.W.2d 100 (Tex. 1992). We agree. Accordingly, we sustain that portion of point
of error two.

 Longhorn does not concede that the trial court erred in excluding Longsworth's
testimony. However, we are not required to reach this issue. Because the cause must be
remanded for a new trial as a result of the exclusion of McCright's testimony, the trial court's
exclusion of Longsworth's testimony is immaterial to the disposition of this appeal.

 McCright suggests that, on determining that her testimony was erroneously
excluded, this Court should render judgment in her favor on the basis of her testimony at trial that
Longhorn violated the DTPA. We may not do so, however, because, first, the trial court
excluded McCright's testimony from evidence and, second, her testimony, even if considered, did
not demonstrate as a matter of law that Longhorn violated the DTPA.

 McCright also suggested in her original brief to this Court that we should render
judgment on the issue of damages. In her supplemental brief, however, McCright concedes that
the issue of damages should be remanded to the trial court. Accordingly, we need not reach
Longhorn's cross-point, in which it complains that the trial court erred in excluding evidence
offered at trial regarding the issue of damages.

 Because of our disposition of point of error two, we need not address McCright's
remaining points.

 We reverse the judgment of the trial court and remand the cause for a new trial.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Remanded

Filed: November 25, 1992

[Do Not Publish]