**SOLVEX SALES CORP., Appellant,**

v.

**TRITON MANUFACTURING CO., Appellee.**

No. 12–93–00148–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1994.

Rehearing Overruled Dec. 29, 1994.

846

Michael Valentine, Taylor Lake Village, for appellant.

Jerry Hill, Longview, Glynn W. Stewart, Fogelsville, for appellee.

RAMEY, Chief Justice.

This appeal is from a bench trial award of $4,812.50 in damages on a Deceptive Trade Practices–Consumer Protection Act ("DTPA") counterclaim in favor of Triton Manufacturing Company ("Triton") against Solvex Sales Corporation ("Solvex"). Solvex was the original plaintiff in a suit on a sworn account against Triton in which the trial court ordered that Solvex recover $3,500 in payment for a sewing machine, $500 in miscellaneous expenses and $7,500 in attorney's fees, less the sum of $4,000 previously paid Solvex on this claim by Triton. Solvex asserts five points of error; Triton did not file a responsive brief. We will affirm the trial court's judgment.

The principal trial court ruling of which Solvex complains is in permitting Triton's two witnesses, Jerome Danin ("Danin") and Glynn Stewart ("Stewart"), to testify. The first point of error argues that these witnesses' testimony should have been excluded, because their identification by Triton in interrogatory answers as having knowledge of relevant facts failed to include their addresses and telephone numbers. The second point of error presents the same issue in the con-

text that Triton should have supplemented its interrogatory answers to provide this additional identifying information. The two points will be considered together.

More than sixteen months prior to trial, Solvex's first interrogatory to Triton inquired as to the identity of any person who had knowledge of relevant facts of the transaction. Accompanying the interrogatories were "Definitions and Instructions" which included directions to supply the address and telephone number of the persons identified in the answers. The Texas Rules of Civil Procedure authorize discovery of the address and telephone number of identified persons. TEX.R.CIV.P. 166b(2)(d). These Rules also authorize supplementation of answers if the answering party obtains information disclosing that the response was incomplete or that the failure to amend would in substance be misleading. TEX.R.CIV.P. 166b(6)(a). The Rules furthermore mandate the exclusion of the testimony of any undisclosed person who has knowledge of discoverable matter "unless the trial court finds that good cause sufficient to require admission exists." TEX.R.CIV.P. 215(5). But the supreme court has recently held that good cause may exist if the named party is identified as having factual knowledge and his testimony is limited to the facts divulged in discovery. *Smith v. Southwest Feed Yards*, 835 S.W.2d 89, 90 (Tex.1992); *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160, 162 (Tex.1992).

It is undisputed that for more than a year before trial Solvex was in possession of Triton's responses to Solvex's interrogatories advising that Danin and Stewart were persons with such knowledge. At trial, over Solvex's objection, the trial court permitted them to testify. It is furthermore undisputed that at all material times Danin was Triton's president[1] and Stewart was its executive vice president and counsel.

The record is clear that Solvex knew the business address of Danin prior to the initiation of this litigation. Danin had done business intermittently with Solvex for approximately twenty-five years. The questioned transactions between Triton and Solvex were initiated in 1990 by Danin in conversations with William G. Valentine, the president and founder of Solvex. The record shows that these first purchases from Solvex were invoiced to Triton on June 7, 1990 by mailing to:

Mr. Jerry Dannon (sic)
Sterlingwear
183 Orleans St.
East Boston, MA 02128

A statement from Solvex dated November 7, 1990 was mailed to Danin at the same address. William Valentine furthermore addressed correspondence to Danin on March 15, 1991, in care of Sterlingwear of Boston. Solvex's address for Danin was correct at all pertinent times.

Stewart, on the other hand, appeared as the attorney of record for Triton in this litigation. William Valentine's son, Michael J. Valentine, was Solvex's counsel in this suit. Stewart sent various pleadings and correspondence to Michael Valentine prior to trial, which documents contained Stewart's address and telephone number. Prior to trial, Michael Valentine correctly addressed various pleadings and letters to Stewart at 203 Gum Springs Road, Longview, Texas 75602.

The purpose of mandatory Rule 215(5) "is to promote responsible assessment of settlement and prevent trial by ambush." *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 914 (Tex.1992). Here, Solvex was apprised by Triton months before trial that Danin and Stewart were persons with knowledge of relevant facts of the transactions. Undisputedly, the witnesses' correct addresses were at all material times known by Solvex. Here, Solvex was not the victim of trial by ambush, and it had been timely apprised that Triton considered them to be knowledgeable persons concerning these transactions, upon which information Solvex could assess the case's settlement value. The purposes of Rule 215(5) were satisfied.

■ The supreme court has held that it was an abuse of discretion in failing to find good cause to permit a party's testimony

---

1. Danin was also president of Sterlingwear of Boston, of Boston, Massachusetts, where he resided. Triton operated out of Longview, Texas, where Stewart had his office.

where such party's whereabouts were left out of an answer stating the party had knowledge of relevant facts. *Rogers v. Stell,* 835 S.W.2d 100, 101 (Tex.1992). Although the instant case does not involve an individual party defendant, the *Rogers* case holds that it is the disclosure of the *identity* of the knowledgeable person that is essential to the witness being permitted to testify. *Ibid.* The omission of the requested address did not disqualify the testimony in *Rogers. Ibid.* [2] We are unable to distinguish *Rogers* from the facts here where the address of the disclosed witnesses were as well known to the adverse requesting party as the address of an individual litigant. *Ibid.* We therefore hold that the trial court's implicit finding of good cause for Triton's failure to supply the requested addresses and permitting Danin and Stewart to testify was not an abuse of the trial court's discretion. *Ibid.* Points of error one and two are overruled.

Solvex next complains that the witnesses Danin and Stewart should not have been allowed to testify, because Triton did not file a copy of the interrogatory answers with the district clerk as required by TEX.R.CIV.P. 168. At trial, Solvex asserted various grounds upon which Triton's interrogatory answers were claimed to be defective.[3] But no objection was made on the ground that Triton failed to file a copy of the responses with the clerk. The point was therefore waived.

■ Furthermore, there is no dispute that a copy of these responses was timely served upon counsel for Solvex. Solvex successfully relied upon these interrogatory answers to limit Danin and Stewart's trial testimony to the subject matter embraced in the responses to the interrogatories. There is no showing of harm to Solvex because the clerk did not receive a copy of the interrogatory answers. Solvex's third point of error is overruled.

■ Solvex's fourth point of error asserts that the trial court erred in allowing Stewart, Triton's attorney of record in this cause, to testify as a material fact witness. Although no motion to disqualify or motion for mistrial was filed by Solvex, we agree that it would have been appropriate for Stewart to have withdrawn as counsel of record for Triton when he determined that he would be a witness in the case. DISCIPLINARY RULE 3.08. This rule, however, specifically mandates that such attorney "shall withdraw from the *conduct of the trial*". (Emphasis added.) Solvex's attorney acknowledged that he was notified nine days before trial that Stewart was withdrawing from the conduct of the trial and that another attorney would be responsible for the trial of the case for Triton. At no time during the trial of the case did Stewart appear as an attorney for Triton, nor was his representation of Triton ever disclosed to the jury. The Disciplinary Rule was not violated.

■ Furthermore, the party seeking reversal must demonstrate that the attorney-witness relationship harmed it or caused an improper judgment to be rendered. *Warrilow v. Norrell,* 791 S.W.2d 515, 520 (Tex. App.—Corpus Christi 1989, writ denied); TEX.R.APP.P. 81(b)(2). Stewart's direct testimony as witness in the case was abbreviated, touching only upon a matter unrelated to the transaction involved in this appeal. As stated, Stewart had no part in the conduct of the trial as attorney. Solvex only suggests that the nine day notice that another lawyer would try the case was inadequate to prepare to cross-examine Stewart, the witness. From our review of the record, we hold that there was no demonstration of harm to Solvex by Stewart's name appearing as counsel of record for Triton. The fourth point of error is overruled.

Solvex asserts in its fifth point of error that the trial court erred in awarding damages for breach of the DTPA, because, as a matter of law, the contract of sale of the two

---

**2.** Also, *see Henry S. Miller Co.,* 836 S.W.2d at 161, 162, where there was no identification of the witness or his address, even though the non-disclosing party was notified three times that the interrogatory answers were expected.

**3.** In addition to the absence of good cause, Solvex objected that the interrogatory answers were signed by Triton's attorney in violation of TEX. R.CIV.P. 168.5 and that they were improperly signed on information and belief.

Korrect Kollar presses ("presses") had been ratified by Triton. Solvex argues that Triton used the presses, paid for them and did not complain of their operation and thereby ratified the sale; since Triton did not give notice of rescission, it is not entitled to that relief.

■ But Triton, by its counterclaim, has not sought rescission of the contract of sale of the presses. A review of the pleadings and evidence reveal that Triton sought to recover damages for the cost of repairs to the purchased presses to render them operative. Thus, ratification of the sale contract is not before the court.

■ Furthermore, Solvex's claim of ratification of the sale was never presented to the trial court as a basis for the denial of damages to Triton. Also, as a plea in avoidance, and in the absence of a trial by consent, ratification is waived unless affirmatively pled. TEX.R.CIV.P. 94; *Land Title Co. of Dallas v. F.M. Stigler, Inc.,* 609 S.W.2d 754, 756 (Tex.1980). Ratification was not pled here and is waived.

■ Finally, ratification arises when a party retains the benefits of a transaction after acquiring full knowledge of it. *Ibid.* William Valentine testified that Triton made numerous complaints about the presses, and that, on one occasion, he went to Longview to attempt to make them operative. Both Danin and Stewart stated that the presses never worked and were finally removed and stored. There was no evidence that the presses were of any benefit to Triton. Solvex's fifth point of error is overruled.

The judgment of the trial court is af-firmed.