COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-045-CV
  
  
STEPHEN 
EDWARD GREEN, SR.                                              APPELLANT
  
V.
  
LINDA 
SUE GARRETT AND                                                      APPELLEES
DOMESTIC 
RELATIONS OFFICE
  
------------
 
FROM 
THE 360TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Stephen 
Edward Green, Sr. appeals the trial court’s order releasing him from 
confinement for violating the terms and conditions of his community supervision 
and reinstating his community supervision on modified terms. We will affirm.
        In 
July 2000, appellant was held in contempt of court and placed on community 
supervision for failure to pay child support. In October 2002, the Tarrant 
County Domestic Relations Office (DRO) moved to revoke the community supervision 
for nonpayment of child support. On December 3, 2002, after a hearing at which 
appellant was present and represented by counsel, the trial court revoked 
appellant’s community supervision and ordered him committed to jail for 178 
days. Appellant does not challenge the validity of the December 3, 2002 order or 
his confinement in jail.
        Thereafter, 
while appellant was serving his jail time, the DRO orally moved the trial court 
to suspend appellant’s remaining jail time and reinstate his community 
supervision pursuant to section 157.216(c) of the family code. See Tex. Fam. Code Ann. § 
157.216(c) (Vernon 2002). The trial court granted the request and, on January 
22, 2003, entered an order of release suspending appellant’s confinement and 
reinstating his community supervision on modified terms and conditions.
        On 
January 27, 2003, appellant filed a motion to vacate the January 22 order, which 
the associate judge denied on February 5, 2003. Appellant then appealed the 
associate judge’s ruling to the trial court and also filed a motion for new 
trial. After an evidentiary hearing on March 21, 2003, the trial court denied 
the motions and affirmed the associate judge’s ruling. This appeal followed.[2]
        Appellant 
raises the following points on appeal:
 
•the 
January 22 order is not supported by written pleadings;
 
•the 
trial court erred in granting the January 22 order without holding a hearing and 
giving appellant the opportunity to present evidence;
 
•the 
trial court erred by not recording the proceeding that resulted in the January 
22 order;
 
•the 
order improperly fails to give appellant “good time credit” for jail time 
served; and
 
•the 
trial court improperly included findings of fact and conclusions of law in the 
January 22 order rather than in a separate document, as appellant requested.
  
        In 
his first point, appellant complains that the January 22 order violates his 
right to due process because it is not supported by written pleadings, as 
required by the Texas Rules of Civil Procedure and the family code.[3]  This complaint is waived because it was not raised 
in the trial court. Tex. R. App. P. 33.1(a); Rogers 
v. Stell, 835 S.W.2d 100, 101 (Tex. 1992); Bushell v. Dean, 803 
S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). Even due process complaints in 
suits involving the parent-child relationship can be waived if not raised in the 
trial court. See, e.g., In re A.V., 113 S.W.3d 355, 358 (Tex. 2003) 
(holding that law on preservation of error does not permit, and due process does 
not require, appellate review of unpreserved complaints of charge error in 
parental rights termination cases). Accordingly, we overrule appellant’s first 
point.
        In 
his fifth point, appellant contends that the trial court improperly included 
findings of fact and conclusions of law in the January 22 order rather than in a 
separate document as he requested. Appellant asserts that the trial court has a 
mandatory duty under Tex. R. Civ. P. 299a to file 
properly requested findings of fact in a document separate from the judgment.[4]
        Where, 
as here, an abuse of discretion standard of review applies to a trial court’s 
ruling, findings of fact and conclusions of law that comply with the rules of 
civil procedure are not required. In re T.J.L., 97 S.W.3d 257, 265 (Tex. 
App.—Houston [14th Dist.] 2002, no pet.); Samuelson v. United 
Healthcare of Tex., Inc., 79 S.W.3d 706, 710 (Tex. App.—Fort Worth 2002, 
no pet.).  Thus, appellant’s reliance on Rule 299a is misplaced.  
Certain findings are, however, required in child support enforcement orders. See 
Tex. Fam. Code Ann. § 157.166 
(Vernon 2002).  Therefore, the trial court did not abuse its discretion by 
including its findings in the January 22 order rather than in a separate 
document.  We overrule appellant’s fifth point.
        In 
his second and third points, appellant complains that the trial court violated 
his due process rights by entering the January 22 order without holding a 
hearing and giving him opportunity to present evidence and by not recording the 
proceeding that resulted in the order. In his fourth point, appellant contends 
that the trial court improperly failed to give him “good time credit” in the 
January 22 order based on the jail time he served before his release.
        Although 
the trial court did not hold a hearing before issuing the January 22 order, the 
trial court did hold an evidentiary hearing on appellant’s motion for new 
trial, which raised the same issues presented in points two through four. 
Appellant was present and represented by counsel at that hearing. The trial 
court denied the motion only after considering the evidence presented at the 
hearing.
        Appellant 
has not requested a reporter’s record from the hearing on his motion for new 
trial. Therefore, we lack a sufficient record from which to determine whether 
appellant was harmed by the holding of the evidentiary hearing after, rather 
than before, his release from jail and reinstatement on community supervision. 
Nor can we determine whether the terms of the January 22 order itself are an 
abuse of the trial court’s discretion. See Tex. R. App. P. 44.1(a) 
(providing that trial court’s judgment cannot be reversed unless alleged trial 
court error probably caused the rendition of an improper judgment); see also 
Bryant v. United Shortline Inc. Assur. Servs., N.A., 972 S.W.2d 26, 31 (Tex. 
1998) (holding that, in absence of reporter’s record, appellate court must 
indulge every presumption in favor of trial court’s findings). Further, 
because appellant was not held in contempt as a result of the January 22 
proceeding, the legal authorities he cites pertinent to civil and criminal 
contempt proceedings are not on point. For all of these reasons, we overrule 
appellant’s second through fourth points.
        Having 
overruled each of appellant’s points on appeal, we affirm the trial court’s 
order.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DELIVERED: 
April 29, 2004
 

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We have jurisdiction over this appeal pursuant to family code section 
109.002(b). See Tex. Fam. Code Ann. § 
109.002(b) (Vernon 2002) (providing that an appeal may be taken from a final 
order rendered under title 5, which governs suits affecting the parent-child 
relationship).
3.  
Appellant characterizes the January 22 order as a contempt order; however, the 
order did not hold appellant in contempt or assess any sanctions.
4.  
Appellant has waived his complaint that the inclusion of findings in the order 
was improper because there was no evidentiary hearing. This complaint was not 
raised below. See Tex. R. App. P. 33.1(a).