Green v. Garrett

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-045-CV

STEPHEN EDWARD GREEN, SR. APPELLANT

V.

LINDA SUE GARRETT AND APPELLEES

DOMESTIC RELATIONS OFFICE

------------

FROM THE 360
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Stephen Edward Green, Sr. appeals the trial court’s order releasing him from confinement for violating the terms and conditions of his community supervision and reinstating his community supervision on modified terms.  We will affirm.

In July 2000, appellant was held in contempt of court and placed on community supervision for failure to pay child support.  In October 2002, the Tarrant County Domestic Relations Office (DRO) moved to revoke the community supervision for nonpayment of child support.  On December 3, 2002, after a hearing at which appellant was present and represented by counsel, the trial court revoked appellant’s community supervision and ordered him committed to jail for 178 days.  Appellant does not challenge the validity of the December 3, 2002 order or his confinement in jail.

Thereafter, while appellant was serving his jail time, the DRO orally moved the trial court to suspend appellant’s remaining jail time and reinstate his community supervision pursuant to section 157.216(c) of the family code.  
See
 
Tex. Fam. Code Ann.
 § 157.216(c) (Vernon 2002).  The trial court granted the request and, on January 22, 2003, entered an order of release suspending appellant’s confinement and reinstating his community supervision on modified terms and conditions.  

On January 27, 2003, appellant filed a motion to vacate the January 22 order, which the associate judge denied on February 5, 2003.  Appellant then appealed the associate judge’s ruling to the trial court and also filed a motion for new trial.  After an evidentiary hearing on  March 21, 2003, the trial court denied the motions and affirmed the associate judge’s ruling.  This appeal followed.
(footnote: 2)  

Appellant raises the following points on appeal:

•the January 22 order is not supported by written pleadings;

•the trial court erred in granting the January 22 order without holding a hearing and giving appellant the opportunity to present evidence;

•the trial court erred by not recording the proceeding that resulted in the January 22 order;

•the order improperly fails to give appellant “good time credit” for jail time served; and

•the trial court improperly included findings of fact and conclusions of law in the January 22 order rather than in a separate document, as appellant requested.  

In his first point, appellant complains that the January 22 order violates his right to due process because it is not supported by written pleadings, as required by the Texas Rules of Civil Procedure and the family code.
(footnote: 3)  This complaint is waived because it was not raised in the trial court.  
Tex. R. App. P.
 33.1(a); 
Rogers v. Stell
, 835 S.W.2d 100, 101 (Tex. 1992); 
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  Even due process complaints in suits involving the parent-child relationship can be waived if not raised in the trial court.  
See, e.g., In re A.V.,
 113 S.W.3d 355, 358 (Tex. 2003) (holding that law on preservation of error does not permit, and due process does not require, appellate review of unpreserved complaints of charge error in parental rights termination cases).  Accordingly, we overrule appellant’s first point.

In his fifth point, appellant contends that the trial court improperly included findings of fact and conclusions of law in the January 22 order rather than in a separate document as he requested.  Appellant asserts that the trial court has a mandatory duty under 
Tex. R. Civ. P.
 299a to file properly requested findings of fact in a document separate from the judgment.
(footnote: 4)  

Where, as here, an abuse of discretion standard of review applies to a trial court’s ruling, findings of fact and conclusions of law that comply with the rules of civil procedure are not required.  
In re T.J.L.,
 97 S.W.3d 257, 265 (Tex. App.—Houston [14
th
 Dist.] 2002, no pet.)
; Samuelson v. United Healthcare of Tex., Inc.,
 79 S.W.3d 706, 710 (Tex. App.—Fort Worth 2002, no pet.).  Thus, appellant’s reliance on Rule 299a is misplaced.  Certain findings are, however, required in child support enforcement orders.  
See
 
Tex. Fam. Code Ann.
 § 157.166 (Vernon 2002).  Therefore, the trial court did not abuse its discretion by including its findings in the January 22 order rather than in a separate document.  We overrule appellant’s fifth point.

In his second and third points, appellant complains that the trial court violated his due process rights by entering the January 22 order without holding a hearing and giving him opportunity to present evidence and by not recording the proceeding that resulted in the order.  In his fourth point, appellant contends that the trial court improperly failed to give him “good time credit” in the January 22 order based on the jail time he served before his release.  

Although the trial court did not hold a hearing before issuing the January 22 order, the trial court did hold an evidentiary hearing on appellant’s motion for new trial, which raised the same issues presented in points two through four.  Appellant was present and represented by counsel at that hearing.  The trial court denied the motion only after considering the evidence presented at the hearing.  

Appellant has not requested a reporter’s record from the hearing on his motion for new trial.  Therefore, we lack a sufficient record from which to determine whether appellant was harmed by the holding of the evidentiary hearing after, rather than before, his release from jail and reinstatement on community supervision.  Nor can we determine whether the terms of the January 22 order itself are an abuse of the trial court’s discretion.  
See 
Tex. R. App. P.
 44.1(a) (providing that trial court’s judgment cannot be reversed unless alleged trial court error probably caused the rendition of an improper judgment); 
see also Bryant v. United Shortline Inc. Assur. Servs., N.A.,
 972 S.W.2d 26, 31 (Tex. 1998) (holding that, in absence of reporter’s record, appellate court must indulge every presumption in favor of trial court’s findings).  Further, because appellant was not held in contempt as a result of the January 22 proceeding, the legal authorities he cites pertinent to civil and criminal contempt proceedings are not on point.  For all of these reasons, we overrule appellant’s second through fourth points.

Having overruled each of appellant’s points on appeal, we affirm the trial court’s order.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: April 29, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We have jurisdiction over this appeal pursuant to family code section 109.002(b).  
See
 
Tex. Fam. Code Ann.
 § 109.002(b) (Vernon 2002) (providing that an appeal may be taken from a final order rendered under title 5, which governs suits affecting the parent-child relationship).

3:
Appellant characterizes the January 22 order as a contempt order; however, the order did not hold appellant in contempt or assess any sanctions.

4:
Appellant has waived his complaint that the inclusion of findings in the order was improper because there was no evidentiary hearing.  This complaint was not raised below.  
See
 
Tex. R. App. P.
 33.1(a).