Memorandum Opinion of August 1, 2006 Withdrawn; Affirmed and Substitute
Memorandum Opinion filed August 31, 2006








Memorandum Opinion of August 1, 2006 Withdrawn;
Affirmed and Substitute Memorandum Opinion filed August 31, 2006.

 

 

 

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01062-CV

_______________

 

LAWRENCE MADEKSHO, Appellant

 

V.

 

ABRAHAM, WATKINS, NICHOLS & FRIEND (A
PARTNERSHIP), and

THE LAW OFFICES OF ROBERT E. BALLARD, P.C, Appellees

                                                                                                            
                                   

On Appeal from 165th District Court

Harris County, Texas

Trial Court Cause No. 97‑23595B

                                                                                                                              
                 

 

S U B S T I T U T E   M E M O R A N D
U M   O P I N I O N

Appellant=s motion for rehearing is overruled,
our opinion issued in this case on August 1, 2006 is withdrawn, and the
following substitute opinion is issued in its place.








In this attorney=s fee dispute, Lawrence Madeksho appeals
a judgment entered in favor of Abraham, Watkins, Nichols & Friend (a
partnership) and the Law Offices of Robert E. Ballard, P.C. (collectively AAbraham, Watkins@) on the grounds that: (1) the trial
court had no jurisdiction to hear Abraham, Watkins=s claim for attorney=s fees; (2) the trial court abused
its discretion in admitting the testimony of one of Abraham, Watkins=s witnesses; and (3) the jury charge
question regarding the award of attorney=s fees on appeal was not conditioned
on appellees= success on appeal.  In a single cross-issue, Abraham, Watkins requests
that the judgment of the trial court be modified to include the appellate
attorney=s fees awarded by the jury.  We
affirm.

Jurisdiction

Madeksho=s first issue contends that the trial
court had no jurisdiction to hear Abraham, Watkins=s claim for attorney=s fees from the underlying suit
because: (1) mandate had issued on the appeal of that action and, thus, the
severance order entered on February 12, 2003 was void; and (2) the claims were
barred by a release and satisfaction of judgment.

This case arises out of a suit originally
brought by Abraham, Watkins to collect against Madeksho on a fee-sharing
agreement.[1]  On September
4, 1998, the trial court severed this case, in which Abraham, Watkins sought
attorney=s fees as the prevailing party on its
contractual fee-sharing claims, and then entered a final judgment in the
fee-sharing action.[2]  The appeal
of that judgment was concluded in 2001.

However, on February 12, 2003, the
trial court signed an order nearly identical  to the 1998 severance order,
purporting to reconsolidate this attorney=s fees case with the fee-sharing
action, and again ordering a severance of the two.  A jury trial was thereafter
held on the attorney=s fee action, resulting in a final judgment for Abraham,
Watkins in May of 2004.








Because the trial court had entered a
final judgment in the fee-sharing case in 1998 and the appeal of that case was
concluded without a remand to the trial court, the trial court=s plenary power over that action had
long since expired when the trial court entered the 2003 consolidation order. 
Therefore, it had no jurisdiction over the fee-sharing action at that time, and
the 2003 consolidation and severance order is void.[3] 
However, because the cases remained severed by the 1998 severance order, the
trial court retained jurisdiction over the attorney=s fee action.

Madeksho=s first issue further contends that
the trial court erred by overruling its plea to the jurisdiction, motion for
summary judgment, and motion for new trial because: (1) the issue of attorney=s fees was moot in that the parties
had settled their claims in the fee-sharing dispute; and (2) Madeksho satisfied
the judgment on the fee-sharing agreement and was released by Abraham, Watkins
from liability for the claims in this case.  Because neither the settlement
agreement nor the release on which Madeksho relies for these contentions is
part of our record,[4] we have no
basis to determine what, if any, effect either may have had on the claims in
this case.  Therefore, Madeksho=s first issue affords no basis for relief and is overruled.

Admission of Evidence

Madeksho=s second issue argues that the trial
court abused its discretion by overruling his objection to the testimony of one
of Abraham, Watkins=s witnesses because it included an unreliable basis for his
opinion on the reasonableness of attorney=s fees.








A trial court=s decision to admit or exclude
evidence is reviewed for abuse of discretion. Interstate Northborough P=ship v. State, 66 S.W.3d 213, 220 (Tex. 2001).  To
obtain reversal for an error in admitting evidence, the challenging party must
show that the error probably resulted in an improper judgment, which typically
requires a showing that the judgment turned on the particular evidence
admitted.  Id.

Here, Don Weitinger was one of four
lawyers who testified as to the reasonableness of Abraham, Watkins=s attorney=s fees.  Although he was not
initially designated to testify as an expert, but only to authenticate the
invoices for services his law firm performed, Weitinger went on to testify
about the reasonableness and necessity of the fees.  Based on a method his
father had developed for pricing goods in the grocery industry, Weitinger
testified that he had developed a Acost per pleading@ guideline that alerted him to
possible problems with the billing in a particular case.  Based, in part, on
this method, he concluded that the attorney=s fees claimed by Abraham, Watkins
were reasonable.  Madeksho challenges the trial court=s overruling of his objection to this
portion of Weitinger=s testimony.








However, Weitinger also testified
that he considered the time and labor involved, the difficulty of the matter,
the likelihood that working on the case would preclude other employment, the
fee customarily charged in the locality, the time limitations imposed by the
client, and the nature and length of the relationship with the client.[5] 
In addition, the jury received all of the invoices on which the claim for
attorney=s fees was based; and each attorney
whose work was reflected therein also testified regarding the reasonableness
and necessity of his fees.  Moreover, Abraham, Watkins=s designated expert, Wayne Davidson,
also testified without objection that, in his opinion, the total amount charged
was reasonable and that the services provided were necessary.  Madeksho did not
controvert any of this evidence, and does not explain how or why the challenged
testimony would have had a material effect on the jury=s award of fees in light of the other
supporting evidence.  Because Madeksho=s second issue thus provides no basis
to conclude that the judgment in this case turned on the challenged portion of
Weitinger=s testimony (even if it was erroneously admitted), it is overruled.

Jury Charge Error

Madeksho=s third issue contends that the jury
charge question on attorney=s fees on appeal was not conditioned on a successful appeal. 
However, at trial, Madeksho objected to the inclusion of appellate fees in the
jury charge only on the ground that it was not supported by the pleadings. 
Because his argument on appeal does not comport with his objection at trial,
this issue presents nothing for our review.  See Tex. R. App. P. 33.1; Rogers v. Stell, 835 S.W.2d 100,
101 (Tex. 1992).

In addition, as relevant to this
case, a judgment may not be reversed on appeal unless the error complained of
probably caused rendition of an improper judgment.  Tex. R. App. P.  44.1(a)(1).  In this case, the trial court=s judgment did not include any
award of attorney=s fees for appeal.  Because the error complained of in
Madeksho=s third issue did not, therefore,
cause rendition of an improper judgment, it affords no basis for relief and is
overruled.

                                                                   Cross-Issue








Abraham, Watkins requests in a
cross-issue that the judgment of the trial court be modified to include
attorney=s fees on appeal, conditioned on a
successful appeal, because the jury verdict awarded fees for appeal, but none
were awarded in the judgment.  However, unless a party seeking to alter a trial
court=s judgment files its own notice of
appeal, we may not grant the party more favorable relief than did the trial
court except for just cause.  Tex. R.
App. P. 25.1(c); see also Brooks v. Northglen Ass=n, 141 S.W.3d 158, 171 (Tex. 2004).  In this case,
Abraham, Watkins did not file a notice of appeal, and we find nothing in our
record to reflect that it presented this complaint to the trial court.  Because
the matter would not be preserved for our review if a notice of appeal had been
filed, we are without just cause to grant the relief in the absence of such a
notice.  Accordingly, Abraham, Watkins=s cross-issue is overruled, and the
judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Substitute
Memorandum Opinion filed August 31, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.

 









[1]           A more extensive recitation of the facts in
that underlying case is provided in our opinion in Madeksho v. Abraham,
Watkins, Nichols & Friend, 57 S.W.3d 448 (Tex. App.CHouston [14th Dist.] 2001, pet. denied). 





[2]           The September 4, 1998 severance order
vacated two prior severance orders entered in this case, dated July 2, 1998 and
July 14, 1998, and ordered that Athe
claim for attorneys= fees in this case brought by [Abraham, Watkins]
against [Madeksho] is now severed from the original suit.@  Because no final judgment had been entered in either
severed action by September 4, 1998, the preceding severance orders were
interlocutory and within the trial court=s
jurisdiction to vacate.  See Tex.
R. Civ. P. 306a(1).





[3]           An order entered after a trial court=s plenary power has expired is void.  See, e.g., In
re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).





[4]           Madeksho claims that the ARelease and Satisfaction of Judgment@ from the underlying case is included in our record,
but page 33 of the clerk=s record to which he refers contains only a copy of
his Motion for New Trial, which states, AA
true and correct copy of that Release was attached as Exhibit >A= to Defendant=s Plea to Jurisdiction and is incorporated herein as
if fully set forth at length verbatim.@ 
However, his Plea to Jurisdiction and attachments are neither in our record nor
deemed so by an incorporation by reference to material outside the record.





[5]           See, e.g., Arthur Andersen & Co. v.
Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (citing these factors
as relevant in determining the reasonableness of attorney=s fees).