**LOGIC SCIENCES, INC., Relator,**

v.

**The Honorable Bradley SMITH, Visiting Judge in the 164th Judicial District Court, Harris County, Respondent.**

No. 01–90–00925–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 24, 1990.

Alton W. Payne and E. Richard Zamecki, Houston, for relator.

Brian Jensen, Houston, for respondent.

Before SAM BASS, DUNN and MIRABAL, JJ.

ORIGINAL PROCEEDING ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Relator, Logic Sciences, Inc., asks us (1) to order respondent to enter his orally pronounced order resetting trial in this case for six months from October 15, 1990, and (2) to declare void respondent's withdrawal from the case under TEX.GOV'T CODE ANN. § 74.053 (Vernon 1988).

Logic Sciences filed suit against Behrooz Maleki and Raster Systems, Inc. on March 13, 1990 for misappropriation of trade secrets, tortious interference with contractual relationships and infringement of copyright. Wesley, a 25% owner of Raster Systems was later joined as a defendant. Maleki and Raster Systems filed counterclaims.

Relator alleges by verified petition that on August 30, 1990, Judge Bradley Smith, visiting judge, held a pre-trial conference at which all counsel were present. Exhibit G to relator's petition includes a docket control order dated June 28, 1990, which sets this August 30 pre-trial conference and the October 15 trial date. This order is signed by Judge Bradley Smith.

On October 12, 1990, a second pretrial conference was held before Judge Smith. Relator's counsel and an associate counsel have each filed affidavits attesting to the events at the second pretrial conference. For reasons not relevant to this mandamus, Judge Smith allegedly announced that the case would not go to trial on October 15 but would be reset for a date six months later.

Following the hearing and after counsel for relator had left the courtroom, the court coordinator called his office to notify him that the case was set for trial on Monday, October 15, as originally scheduled. The court coordinator further stated that Judge Smith had been "recused" by counsel for defendants. Simultaneously, relator's counsel received defendants' handwritten "Motion for Objection under § 74.053 Tx.Gov.Code" by telecopier.

When contacted by counsel for relator, Judge Smith allegedly confirmed that an objection had been filed by the defendants; he considered it valid; and he did not believe any further action on his part in the case was appropriate. We agree with relator that Judge Smith's withdrawal from the case on the basis of the defendants' objection is void.

The provision of the Government Code which controls objections to an assigned (visiting) judge specifically requires that "an objection under this section *must* be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside." TEX.GOV'T CODE ANN. § 74.053(c). (emphasis added) *Thompson v. State Bar of Texas*, 728 S.W.2d 854 (Tex.App.—Dallas 1987, no writ).

At the time defendants filed their objection, Judge Smith had taken the following action in this case:

1. He had signed the June 28 "order to modify docket control order" and set the October 15 trial date.
2. He had conducted the August 30 pretrial conference.
3. He had granted a nonsuit of two defendants on October 5.
4. He had conducted the October 12 pretrial conference and had allegedly reset the trial date.

Based upon these facts, it was clearly too late to object under TEX.GOV'T CODE ANN. § 74.053 to Judge Smith's assignment. The rule is mandatory.

To allow untimely objections such as this would encourage litigants to delay objections until they "get a feeling" for how a judge is going to rule in a case—a situation the statute is designed to prevent. Untimely objections would create administrative nightmares and unnecessarily burden the courts as well.

Accordingly, we conditionally grant relator's motion and, without hearing oral argument, hold that the withdrawal of Judge Smith from any further participation in this case is void. No writ will issue, however, unless a situation arises in which Judge

Smith is assigned to hear further proceedings in the case and refuses to do so.

All other requested relief is denied.