Craig P. BROWNE, Appellant,

v.

LAS PINTAS RANCH, INC., Appellee.

No. 01–92–00150–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1992.

Jim Tatum, Houston, for appellant.

Chris J. Kling, Bryan, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a take-nothing judgment. Craig P. Browne, plaintiff/appellant, brought this suit based on personal injuries incurred as a result of a collision between the motorcycle that Browne was operating and a roadgrader being operated by an employee on the property owned by Las Pintas Ranch, Inc., (the Ranch), defendant/appellee. We reverse and remand.

Browne contends (1) the trial court abused its discretion in excluding Browne's testimony; (2) the trial court abused its discretion in excluding Dr. Mark Riley's testimony; and (3) the trial court abused its discretion in excluding medical record affidavits.

Background

This suit arises from personal injuries sustained by Browne in July of 1987, in a collision involving his motorcycle and a roadgrader at the Ranch. In August of 1989, the Ranch submitted its first set of interrogatories to Browne. On September 5, 1989, Browne filed a motion for extension of time to answer interrogatories and respond to request for production. The next day, the trial court signed an order extending the time for Browne to answer the first set of interrogatories to September 18, 1989. Browne personally answered the interrogatories, but failed to include his own name as a person having any knowledge of the relevant facts and the name of Dr. Riley as an expert witness. In March of 1990, a deposition was taken of Browne.

On May 2, 1991, the case was set to go to trial on August 12, 1991. On July 22, 1991, Browne filed a designation of witness list with Dr. Riley named as an expert witness, and subsequently, Browne filed a notice of intention to take oral deposition of Dr. Riley on August 2, 1991. On the same date, the Ranch filed its motion for protective order and for sanctions to prevent the deposition. The trial court granted the motion.

Browne filed a motion for continuance for the August 12 setting, based on his attorney's failure to appear due to poor health. There is no statement of facts from the hearing. The court signed an order granting a 30–day continuance with the following language included:

1. Continued the trial of the cause for 30 days from August 12, 1991.

2. Required [Browne] to notify the court within seven days whether his attorney of record would continue his representation.

3. Ordered that the trial date of August 12, 1991, was the date determining the timeliness of the filing of any pleading by [Browne] and the timeliness and compliance by [Browne] with the requirements of the Texas Rules of Civil Procedure concerning all pre-trial discovery.

4. Ordered that [Browne] take no action concerning discovery or pleadings.

5. Ordered that no further continuance would be granted to [Browne].

On August 29, 1991, Browne filed the medical records affidavit of Sandy Nicholson, medical records custodian of Humana Hospital–Brazos Valley. The following day, and on September 6, 1991, Browne filed the medical records affidavit of Dr. Riley. The Ranch filed a motion for sanctions seeking the suppression of the medical records affidavits and other evidence proffered by Browne. On September 23, 1991, a hearing was conducted on the Ranch's motion, and the court excluded the affidavits and records. There is no statement of facts from the hearing.

The trial commenced on September 23, 1991. The next day, Browne called himself as a witness. The Ranch objected to Browne being called as a witness on the ground that he had not been disclosed as a person with knowledge of relevant facts in response to their interrogatory. The trial court sustained the Ranch's objection. Browne then tried to call Dr. Riley as an expert witness; however, the Ranch object-

ed on the grounds that "[the] designation of witness list [was filed] later than 30 days prior to ... the cut-off date [of the court order]." Whereupon, Browne rested, and the Ranch moved for an instructed verdict, which was granted. The trial court signed a take-nothing judgment in favor of the Ranch. Browne's motion for new trial was denied.

The purpose underpinning discovery in our justice system is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 559 (Tex.1990). The Texas Rules of Civil Procedure 166b(2)(b) and 215(5) provide the mechanism to enforce this policy, through the authorization of discovery of any potential party and of persons having knowledge of the relevant facts and mandating automatic exclusion of trial testimony of the undisclosed person, unless the trial court finds good cause. *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 914 (Tex.1992); TEX.R.CIV.P. 166b(2)(b), 215(5).

In point of error one, Browne asserts that the trial court abused its discretion in excluding his own testimony. Upon Browne's attempt to testify, the Ranch objected on the ground that he had not listed himself in the original written interrogatories and request for production, furthermore, "failure to identify a party as a person with knowledge of relevant facts, [calls for] automatic exclusion."

■ Browne asserts on appeal that the interrogatories are defective because they are not signed by the Ranch and the interrogatory required Browne to answer "*within thirty (30) days after service....*" in violation of TEX.R.CIV.P. 168(4), which provides the time allowed "*shall not be less than thirty days.*" (Emphasis added.) However, any error in the form of the Ranch's first set of interrogatories to Browne was waived for failure to object in the trial court, and cured by Browne's requesting and obtaining an extension of time to answer the interrogatories. *Gu-*

*tierrez v. Dallas Indep. Sch. Dist.*, 729 S.W.2d 691, 693 (Tex.1987); *NCL Studs, Inc. v. Jandl*, 792 S.W.2d 182, 184 n. 2 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ Our supreme court recently addressed the issue of excluding testimony of an individual who was himself a party, in *Smith v. Southwest Feed Yards*, 835 S.W.2d 89, 89–90 (Tex.1992), and *Miller v. Bynum*, 836 S.W.2d 160, 161 (Tex.1992). In these two decisions the court creates an exception to rule 215(5). *Guerrero v. Sanders*, 846 S.W.2d 354, No. 01–92–0238–CV (Tex.App.—Fort Worth 1992, n.w.h.). First, in *Smith*, the court noted that even though an undisclosed witness is a party, such does not in and of itself constitute "good cause."[1] *Smith*, 835 S.W.2d at 91. The court went on to note that Smith was the sole defendant, who personally answered the interrogatories propounded to him by Southwest, but failed to include his own name in response to one seeking disclosure of persons having any knowledge of relevant facts. However, among his answers to interrogatories was a response that detailed the conversations he had with the plaintiff concerning the account sued on. *Id.* at 90–91. Holding that the trial court had abused its discretion in denying Smith the opportunity to testify, the *Smith* court stated:

> Smith provided an answer to [another question] that demonstrated his personal knowledge of facts relevant to the lawsuit. In determining whether "good cause" exists to permit his testimony, the substance of the *entire response* should be considered, *not just his incomplete reply to a single query.*

*Id.* at 91 (emphasis added).

Furthermore, in *Miller*, the trial court allowed a party not identified in interrogatories to testify as a fact witness regarding facts that were disclosed in his deposition. The *Miller* court held that the trial court did not abuse its discretion. The court pointed out that the fact that a witness has

1. "Good cause" is the only exception to the automatic sanctions of rule 215(5). *Gee v. Liberty*

*Mut. Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex. 1989).

been deposed does not in itself constitute good cause nor does the fact that the unlisted witness is a party. *Miller*, 836 S.W.2d at 162. The court emphasized that "although neither status as party nor the fact of a deposition are independently sufficient to establish good cause ... these factors may combine to satisfy the good cause requirement." *Id.*

In this case, Browne, the sole plaintiff, sought recovery of damages for personal injuries suffered by him on the Ranch's property. Among the interrogatories questions he answered prior to trial are the following:

INTERROGATORY NO. 2: Please identify every person known to you or your attorney that has knowledge of relevant facts concerning any part of this lawsuit. (Note: Your answer should include names of every person you might call as a witness in the trial of this cause, including expert witnesses.)

ANSWER:

1. Charlie Benbow
2. Dr. George Stickhausen
3. Danny Wyers
4. Lance Browne
5. Les Schooley
6. John Barnett

INTERROGATORY NO. 11: Please describe in chronological order how the accident made the basis of this lawsuit occurred and describe the accident made the basis of this in as full and complete detail as you ever intend to describe it.

ANSWER: Details of accident:

On the day of the accident ... I went riding a motor bike. I was expecting Mr. Wyers to arrive through the front gate. Meanwhile, John Barnett, the driver of the maintainer, was running down one of the dirt roads. The machine he was operating was traveling in the highest gear without any braking systems and with no way of warning others of this problem. I had been at a complete stop and due to the speed of the maintainer and the height of the mesquite trees, I was hit headon by Mr. Barnett. I was pulled beneath the oncoming maintainer and was dragged down the road until the vehicle could come to a stop. My legs were entangled in the working parts of the machine thereby shattering my left kneecap and breaking my leg ...

Even though Browne should have listed himself in interrogatory number 2, his answer in interrogatory number 11 demonstrates his personal knowledge of relevant facts in the lawsuit. *Smith*, 835 S.W.2d at 91. Also, the record shows that Browne was deposed by the Ranch prior to the trial.

In view of *Smith* and *Miller*, which allow an "individual party witness" to testify in the face of rule 215(5) under certain circumstances, we believe the facts of the instant case fall within this exception created by the supreme court because (1) Browne is a party to the suit; (2) Browne is the sole plaintiff in this suit; (3) the totality of Browne's responses to the interrogatories plainly shows he has knowledge of the relevant facts; and (4) Browne was deposed by the Ranch prior to trial. Thus, the trial court abused its discretion by failing to find "good cause."

Browne's first point of error is sustained.

◼ In point of error two, Browne asserts the trial court abused its discretion in excluding the testimony of Dr. Riley. The Ranch asserts Browne failed to timely designate Dr. Riley as an expert witness. Trial was originally scheduled for August 12, 1991, but did not actually begin until October 8. Browne designated Dr. Riley as an expert witness in a designation of witness list on July 22, 1991.

Browne relies on *First Title Co. of Waco v. Garrett*, 802 S.W.2d 254, 262–64 (Tex. App.—Waco 1990, writ granted), for the proposition that the 30–day period prior to trial for supplementing answers to interrogatories is the date of the *actual trial*. This reliance is inappropriate under the facts of this case. In the *First Title Co.* case, there was no order from the court establishing the date for determining the timeliness of compliance with the Texas Rules of Civil Procedure concerning all pretrial discovery.

Our supreme court has stated numerous times that the deadline for designation of experts and supplementation of discovery is 30 days before trial. *Gee*, 765 S.W.2d at 395; *E.F. Hutton & Co., Inc. v. Young-blood*, 741 S.W.2d 363, 364 (Tex.1987). However, TEX.R.CIV.P. 166b(2)(e)(3) authorizes the trial court judge to compel a determination and disclosure of testifying experts within a *reasonable* time before trial through specific orders. *See Werner v. Miller*, 579 S.W.2d 455, 456 (Tex.1979); *Mother Frances Hosp. v. Coats*, 796 S.W.2d 566, 571–72 (Tex.App.—Tyler 1990, no writ).

In this case, the trial court in its order on August 12, 1991, stated that "the trial date of August 12, 1991, is the date for determining the timeliness ... and compliance by [Browne] with the requirements of the Texas Rules of Civil Procedure concerning pretrial discovery." Since the designation of witnesses letter was filed less than 30 days before the August 12 deadline without leave of court, and the actual trial was only two and one-half months after the deadline, the trial court did not abuse its discretion in preventing Dr. Riley from testifying. *Werner*, 579 S.W.2d at 456.

■ There is no set time calculation for the determination of whether the trial court abused its discretion in denying the designation of experts prior to the actual date of trial. The time must not be unreasonably long. *Loffland Bros. Co. v. Downey*, 822 S.W.2d 249, 252 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). The test in the future must consider whether the disputes will be decided by the facts revealed and not the facts concealed. *Tom L. Scott, Inc.*, 798 S.W.2d at 559.

We overrule Browne's second point of error.

In his third point of error, Browne contends that the trial court erred in excluding the medical records affidavits of Dr. Riley and Sandy Nicholson.

■ The affidavits of Dr. Riley and Sandy Nicholson were excluded after a hearing on September 23, 1991. Since we have no statement of facts of the hearing on the Ranch's motion for sanctions, we must assume that the evidence presented at the hearing supported the trial court's ruling. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.1987). Browne has the burden to bring forward a sufficient record. *Escontrias v. Apodaca*, 629 S.W.2d 697, 699 (Tex.1982). Thus, in the absence of a statement of facts from the September 23, 1991, hearing we must assume the evidence supported the trial court's ruling on the motion. *Murray*, 731 S.W.2d at 557.

We overrule Browne's third point of error.

■ Having found that it was error for the trial court to exclude Browne's testimony, we must next determine whether the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX.R.APP.P. 81(b)(1). This Court can look to the entire record, to glean the contents of the excluded testimony. *See Olson v. Harris County*, 807 S.W.2d 594, 597 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Since the case involved an accident in which the plaintiff was personally involved and alleged injuries, we find the exclusion of his testimony probably did cause the rendition of an improper judgment.

The judgment of the trial court is reversed and the cause remanded.