Nancy Taylor **MORRIS**, Appellant,

v.

**J. Lindsey SHORT, Jr. and J. Lindsey Short, Jr. and Associates, P.C.,** Appellees.

No. 01–94–00066–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 1995.

Rehearing Overruled June 15, 1995.

John E. Hawtrey, Bryan, for appellant.

M. Karinne McCullough, Jim Barker, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION ON MOTION
## FOR REHEARING

O'CONNOR, Justice.

We overrule the appellee's motion for rehearing, but withdraw our previous opinion,

and issue this in its stead. The appellant, Nancy Taylor Morris (Morris), sued the appellee, J. Lindsey Short, Jr., and his law firm, J. Lindsey Short, Jr. and Associates, P.C. (collectively, Short), for legal malpractice, breach of contract, and deceptive trade practices. The lower court directed a verdict for Short. We reverse and remand for trial.

### Fact Summary

Morris hired Short as her attorney in January 1990 to handle her divorce. Short, a board certified family law practitioner, represented Morris for about six months. Morris' evidence at trial demonstrated the following. In their first meeting, Morris told Short she wanted to find out about some property she and her husband had owned during the marriage. Morris met with Connie Ames, Short's legal assistant, and discussed those properties. After that meeting, Morris wrote to Short five times regarding her case—on January 14, 24, 26, February 2 and 8, 1990. In the January 26 letter Morris asked Short to start the discovery process to determine the full extent of her husband's assets. On February 15, Short wrote Morris a letter saying he was sending the husband a request for production and interrogatories for experts. In that letter, Short also asked Morris to stop negotiating with her husband because she was prejudicing her case. On February 18, Morris asked Short to see her husband's canceled checks and asked to meet with Short to discuss the case. On March 27, at a hearing on temporary support, the family law master froze Morris' assets. Morris testified Short did not tell her or consult her. Morris contends that her husband's assets were not frozen, and, this enabled her husband to dispose of large amounts of cash and investments. In early June, there was a hearing regarding a tax return. Short could not make it, so he asked another lawyer to attend. Morris' lawyer told the judge that the case would be resolved in the near future. Morris testified that she was angry when she heard the lawyer say this because it was not true. On June 10, 1990, Morris wrote Short a letter terminating his services. The letter, which was handwritten and personally delivered, states:

[I]t is clear to me that you do not have time to attend to my case.

To date, I have not received, by mail or delivery, nor discussed in conference, your recommendations regarding a settlement or the inventories and the procedure you plan to follow for the discovery process. I asked for the discovery process to begin five months ago and we only filed inventories last week.

### A.

### Recusal of visiting judge

In point of error one, Morris contends the visiting judge abused his discretion in refusing to step down after she made a timely objection. Morris argues that on Tuesday, November 16, 1993, the day the case was first called for trial, before any other matters were heard, she objected in writing to the visiting judge. Morris contends the judge violated TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1995).

Under section 74.053, there are several requirements to the assignment and objection to an assigned judge:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case....

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

Morris contends she did not receive notice that a visiting judge would be sitting for the presiding judge of the court. Morris claims her attorney first learned that another judge would hear the case on November 12, 1993, when defendant's motion for continuance was set for a hearing. Morris says that the defendant withdrew his motion for continuance at the November 12 hearing, and therefore the visiting judge did not make a ruling.

The trial setting on November 15 was the first hearing or trial of the cause by the visiting judge.

In his reply point, Short contends there is nothing in the record to show that Morris filed a timely objection or a motion to recuse the visiting judge. Short refers us to an order signed by the visiting judge that states:

> Be it remembered that on the 12th day of November, 1993, came on to be heard Plaintiff's Motion to Continue this case, and after hearing the argument of counsel and considering Plaintiff's Motion, the Court was of the opinion that the Motion was not well taken and should be denied....
>
> Be it further remembered that on the 16th day of November, 1993 came on to be heard Plaintiff's objection to assigned Judge, Plaintiff's demand for jury trial and Plaintiff's further Motion for Continuance, and after hearing the argument of counsel and considering the merits of those motions, the Court was of the opinion that Plaintiff's objections to assigned Judge are not well taken and should be overruled....

The docket sheet confirms the information in the order:

> 11–12–93: Continuance by plaintiff denied.
>
> 11–16–93: Plaintiff's Objection to Assigned Judge Denied. Plaintiff's Mo/Continuance Granted: Case held in Trial Status—Trial set for 12/1/93.

■ An objection to a visiting judge must be filed timely. TEX.GOV'T CODE ANN. § 74.053(c); *Turk v. First Nat'l Bank of West U. Place*, 802 S.W.2d 264, 265 (Tex. App.—Houston [1st Dist.] 1990, writ denied). The objection must be the first matter presented to the visiting judge for a ruling. TEX.GOV'T CODE ANN. § 74.053(c); *Logic Sciences, Inc. v. Smith*, 798 S.W.2d 394, 395 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding); *Money v. Jones*, 766 S.W.2d 307, 308 (Tex.App.—Dallas 1989, writ denied). If the objection is filed after the visiting judge makes any ruling, even on a motion for continuance, the objection is too late. *Money*, 766 S.W.2d at 308. We hold Morris did not timely file her objection to the visiting judge.

■ At oral argument before this Court, Morris claimed she made an oral motion to recuse Judge O'Neill at the November 12 hearing. Nothing in the record supports her claim that she made an oral motion. Even if the record showed she made an oral motion, we would still overrule her point of error. Although nothing in the code requires an objection to a visiting judge to be made in writing, it assumes it will be. *See* TEX.GOV'T CODE ANN. § 74.053(b); *Kellogg v. Martin*, 810 S.W.2d 302, 305 (Tex.App.—Texarkana 1991, orig. proceeding). The use of the words "files" and "filed" in § 74.053(b) indicates that the objection must be in writing. *Kellogg*, 810 S.W.2d at 305. The courts have held that even when a a party learns at docket call that a visiting judge is assigned to the case, an oral motion at the hearing is not enough. *See, e.g., Money*, 766 S.W.2d at 308. To properly object to a visiting judge, the party must file a written objection, even if it is a handwritten one. *Id.*

We overrule point of error one.

### B.

### Exclusion of party as a witness

In point of error seven, Morris argues the trial court erred in denying her request to call the defendant as a witness even though she did not list him in response to interrogatories that asked for fact witnesses. Morris contends that Short was not surprised or unduly burdened by being called as a witness because he knew the relevant facts of the case.

■ If not disclosed in response to a request for a fact witness, a witness cannot testify and the sanction is automatic. TEX. R.CIV.P. 215(5); *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). The only exception to the automatic exclusion of a witness is if the party proves "good cause" for failing to designate. TEX.R.CIV.P. 215(5); *Henry S. Miller Co. v. Bynum*, 836

S.W.2d 160, 162 (Tex.1992)[1]. A party, as any other witness, must be named in response to an appropriate interrogatory unless there is a showing of good cause. *Id.* The Supreme Court has held that good cause may exist to allow the testimony of a party-witness who was not named in answers to interrogatories "when identity is certain and his personal knowledge of relevant facts has been communicated to all other parties, through pleadings by name and response to other discovery at least 30 days in advance of trial." *Smith v. Southwest Feed Yards,* 835 S.W.2d 89, 91 (Tex.1992); *Bynum,* 836 S.W.2d at 162.

In *Smith,* the sole defendant did not include his own name in an interrogatory seeking disclosure of witnesses and those with relevant facts. 835 S.W.2d at 90.[2] The Supreme Court held the defendant had in answers to interrogatories detailed conversations he had with the plaintiff concerning the account sued on. *Id.* at 90–91. The court concluded that good cause is determined by looking at the entirety of the responses, not just a single incomplete reply on an interrogatory. *Id.* at 91. The court reasoned that the defendant had demonstrated his personal knowledge of facts relevant to the lawsuit by his answers to interrogatories and that he should have been allowed to testify. *Id.* at 91.

This Court considered this same issue in *Browne v. Las Pintas Ranch, Inc.,* 845 S.W.2d 370 (Tex.App.—Houston [1st Dist.] 1992, no writ). In *Browne,* the plaintiff did not include his own name as a person having knowledge of relevant facts in answer to interrogatories. *Id.* at 371. When the plaintiff called himself as a witness during trial, the defendant objected, contending he had not disclosed himself as a party with knowledge of relevant facts in response to their interrogatory. *Id.* We held that the plaintiff should have been allowed to testify because: (1) he was a party to the suit; (2) he was the sole plaintiff; (3) his responses to interrogatories plainly showed he had knowledge of the relevant facts; and (4) the plaintiff was deposed by the defendant before trial. *Id.* at 373.

▇▇▇▇ The trial court has the discretion to determine whether the party calling the witness met its burden of showing good cause. *Aluminum Co. of Am. v. Bullock,* 870 S.W.2d 2, 3–4 (Tex.1994). To establish a clear abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the particular case. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984). The complaining party must show the court abused its discretion in excluding the witness. *Mentis v. Barnard,* 870 S.W.2d 14, 16 (Tex.1994). To obtain a reversal when the trial court erroneously excludes the testimony of the unidentified witness, the appellant must show harm. *See Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989); Tex.R.App.P. 81(b)(1). When evidence is erroneously excluded, the appellant must show the excluded testimony: (1) is preserved in a bill of exceptions, (2) disputed a material allegation in the case, and (3) was not cumulative. *Mentis,* 870 S.W.2d at 16 (discusses second two requirements); *McInnes v. Yamaha Motor Corp., U.S.A.,* 673 S.W.2d 185, 187 (Tex.1984) (discusses first requirement); *Weng Enterp. Inc. v. Embassy World Travel, Inc.* 837 S.W.2d 217, 221 (Tex.App.—Houston [1st Dist.] 1992, no writ).

▇▇▇▇ This was a simple breach of contract action which included a claim for malpractice by Morris against Short, her former lawyer, for overcharging her for his work. Morris claimed actual damages of just over $5,000. This case went to trial with only

---

1. In *Miller,* the Supreme Court held the trial court did not abuse its discretion in allowing an undesignated party witness to testify in his own behalf. 836 S.W.2d at 161. The court held that being a party is not enough to get around the procedural rules requiring designation as a witness. *Id.* at 161. The court, however, concluded by holding that additional elements such as the fact that the party witness had been deposed by the other party, the trial testimony was limited to that in the deposition, and the party witness was named as a party to the suit, was sufficient to show no abuse of discretion. *Id.* at 161–62.

2. We note that in *Smith* the defendant did give notice of his intent to testify as a witness seven days before trial. *Smith,* 835 S.W.2d at 90.

seven interrogatories propounded and answered. Morris did not identify Short in response to interrogatory number 7, which requested the names of all witnesses. But, in response to interrogatory number 1, which requested the plaintiff's contentions of malpractice, Morris described all her complaints and contentions regarding Short's representation. From reading Morris's two-page summary of her contentions and claims, Short was fully apprised of the nature of her allegations against him. He could not be surprised about his own responses to her allegations.

The purpose of TEX.R.CIV.P. 215(5) is to prevent trial by ambush, not to create a trap for the unwary. In *Ramirez v. Ramirez*, 873 S.W.2d 735, 739–40 (Tex.App.—El Paso 1994, no writ), the El Paso Court held that it should be presumed in a divorce case that the spouses have knowledge of relevant facts about the marriage, the children, and the property. Similarly, we held in *National Union Fire Ins. Co. v. Wyar*, 821 S.W.2d 291, 293–94 (Tex.App.—Houston [1st Dist.] 1991, no writ), that in a simple suit, with one party-plaintiff, the court should have permitted the defendant to call the plaintiff to testify, even though not designated in response to interrogatories.

We find Morris established good cause because Short's identity was certain, and his personal knowledge of relevant facts was communicated to all other parties, through pleadings by name and response to discovery at least 30 days in advance of trial. *Smith*, 835 S.W.2d at 91; *Bynum*, 836 S.W.2d at 162.

In *Weng Enterprises*, where we held the trial court abused its discretion in not allowing an undesignated party witness to testify, we held there was no error because the appellant did not preserve error in a bill of exceptions and we had no basis for review. *Id.*

Here, Morris preserved error by making a bill of exceptions of her examination of Short. In the bill, Short testified he had not served the husband with any discovery requests—he did not send any requests for production of documents, interrogatories, or admissions. He testified that he obtained an inventory of property from the husband, and a copy of the

partnership agreement on one of the husband's properties. He admitted he did not resort to typical discovery, but explained he obtained evidence through other means.

The excluded testimony from Short, that he did not serve any discovery requests on Morris' husband, is material and crucial to Morris' case against Short and is not cumulative of other evidence. Morris asked Short to begin discovery, and he did not. We hold the trial court abused its discretion in excluding the testimony and Morris was harmed by the ruling.

We sustain point of error seven.

### Other points of error

Because we have sustained other points that require reversal and trial, we do not find it necessary to address the remaining points of error.