Wesley Albert **PERKINS** d/b/a Freedom Bail Bonds, Appellant,

v.

Horace A. **GROFF**, individually and in his capacity as County Judge of Grayson County, Texas, L.E. Driscoll, individually and in his capacity as Sheriff of Grayson County, Texas, and Grayson County, Texas, Appellees.

No. 05–95–01127–CV.

Court of Appeals of Texas, Dallas.

Aug. 22, 1996.

---

Jim Clements, Stagner & Corley, Sherman, for appellant.

James C. Tidwell, Wolfe, Clark, Henderson & Tidwell, L.L.P., Sherman, for appellees.

Before OVARD, CHAPMAN and MORRIS, JJ.

## OPINION

CHAPMAN, Justice.

Wesley Albert Perkins, d/b/a Freedom Bail Bonds, appeals a take-nothing summary judgment entered in favor of appellees Horace A. Groff, individually and in his capacity as County Judge of Grayson County, Texas, L.E. Driscoll, individually and in his capacity as Sheriff of Grayson County, Texas, and Grayson County, Texas (collectively the County), in his suit to recover bail bond approval fees. In four points of error, Perkins contends the trial court erred in overruling his objection to the assigned judge,

granting the County's motion for summary judgment, and denying Perkins's motion for summary judgment. We affirm the trial court's judgment.

## FACTS

For several years, Grayson County charged a bond approval fee for each bond issued.[1] Perkins, a bail bondsman, sued the County for the unauthorized collection of bail bond approval fees seeking the return of the bond fees he paid and damages for extortion under former article 3909. *See* Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 16, 1987 Tex. Gen. Laws 707, 1300, *repealed by* Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 46(1), 1993 Tex. Gen. Laws 583, 986 (current version at TEX. LOC. GOV'T CODE ANN. § 118.801 (Vernon Supp.1996)). Perkins moved for summary judgment based on the supreme court's ruling in *Camacho*. *Camacho*, 831 S.W.2d at 815. The County moved for summary judgment on several grounds, including limitations. The trial court denied Perkins's motion for summary judgment and granted a take-nothing summary judgment in favor of the County without specifying the ground relied on.

## OBJECTION TO ASSIGNED JUDGE

In his first point of error, Perkins asserts the trial court erred in denying his objection to the assigned judge made pursuant to government code section 74.053.[2] Perkins argues his objection was timely, the assigned judge was disqualified, and, therefore, the summary judgment is void.

Section 74.053 provides in pertinent part:
(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case....
(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

TEX. GOV'T CODE ANN. § 74.053. Perkins lodged his objection before the first hearing

---

1. The County stopped charging the fees shortly after the Texas Supreme Court issued its opinion in *Camacho v. Samaniego*, 831 S.W.2d 804, 815 (Tex.1992), in which the court held that such fees are unauthorized and impermissible.

2. TEX. GOV'T CODE ANN. § 74.053 (Vernon Supp. 1996).

in open court, but after the assigned judge had considered and ruled on two of Perkins's motions. We must determine whether an objection is timely within the meaning of section 74.053 if it is lodged after the assigned judge considers a party's requests for relief and makes rulings in the case, but does so without receiving oral argument from counsel while sitting on the bench in open court. We conclude that section 74.053 requires an objection before the assigned judge makes any rulings in the case, even if not in open court. Therefore, Perkins's objection was not timely.

### The Parties' Contentions

#### 1. Perkins

To support his assertion that he timely objected to the assigned judge, Perkins relies on this Court's opinion in *Lewis v. Leftwich,* 775 S.W.2d 848 (Tex.App.—Dallas 1989, orig. proceeding). In that case, Lewis received a phone call from the court coordinator advising him that the case was called for trial on the next day at 1:00 p.m. and that Judge Leftwich would preside as an assigned judge. The following day, shortly after 1:00 p.m., Lewis filed an objection to Judge Leftwich's assignment. He then informed Judge Leftwich of the objection. Noting that the only event that occurred before Lewis filed his objection was the court coordinator's telephone call, this Court concluded that the objection was timely. *Id.* at 850. Perkins relies on the following language: "We hold that an objection to an assigned judge is timely, as a matter of law, if it is made before the assigned judge takes the bench to preside over any hearing, including pretrial hearings, or trial over which he is assigned to preside." *Id.* at 850–51. Pointing out that he filed his objection one day before the only hearing in the case during which the assigned judge took the bench, Perkins asserts his objection was timely.

#### 2. The County

The County responds that Perkins's objection was not timely and, therefore, the trial court properly denied it. Perkins's counsel filed a motion to withdraw which was granted by the assigned judge. The same attorney later re-entered the case and filed a motion for continuance, which was also granted by the assigned judge. The County argues that the statute does not require oral hearings. It contends that the trial court's action in considering and ruling on the two pretrial motions filed by Perkins constituted "hearings" under section 74.053. Alternatively, the County argues that Perkins waived any objection by requesting relief from the assigned judge.

### Statutory Construction

The issue before us requires us to construe the word "hearing" as used in government code section 74.053. We construe a statute to give effect to the legislative intent. *Dallas Morning News Co. v. Board of Trustees,* 861 S.W.2d 532, 535 (Tex.App.—Dallas 1993, writ denied). A statute shall be liberally construed to achieve its purpose and to promote justice. TEX. GOV'T CODE ANN. § 312.006 (Vernon 1988). When wording in a statute is ambiguous, we consult statutory construction rules and related legislative history. *Dallas Morning News,* 861 S.W.2d at 535. Words in statutes have their ordinary meaning unless the statute defines them or they are connected with and used with reference to a particular trade or subject matter or are a term of art. TEX. GOV'T CODE ANN. § 312.002 (Vernon 1988). Courts are permitted to presume that the legislature intended a just and reasonable result. TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1988).

### *Lewis v. Leftwich*

Perkins relies on this Court's opinion in *Lewis,* which held "that an objection to an assigned judge is timely, under section 74.053(c) of the Texas Government Code, if it is made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial." *Lewis,* 775 S.W.2d at 850. Other cases have cited *Lewis* for this proposition. *See Amateur Athletic Found. v. Hoffman,* 893 S.W.2d 602, 603 (Tex.App.—Dallas 1994, orig. proceeding) (objection filed before assigned judge "proceeded to hear" motion held timely); *Rubin v. Hoffman,* 843 S.W.2d 658, 659 (Tex.App.—Dallas 1992, orig. proceeding) (objection filed one hour

before assigned judge took the bench held timely); *Lee v. Bachus,* 900 S.W.2d 390, 391–92 (Tex.App.—Texarkana 1995, orig. proceeding) (objection filed before assigned judge called case to trial, but after docket call, held timely); *Garcia v. Employers Ins.,* 856 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (objection filed before assigned judge called case to trial held timely); *Kellogg v. Martin,* 810 S.W.2d 302, 304 (Tex.App.—Texarkana 1991, orig. proceeding) (objection filed four days before assigned judge took the bench and called the matter to hearing held timely).

We determine, however, that *Lewis* is not controlling here. In *Lewis,* the only event that occurred before Lewis filed his objection was the court coordinator's telephone call. There were no pretrial hearings and no motions were filed. Because the judge did not do anything in the case before the objection was filed, the question we address today was not presented in *Lewis.* Likewise, in most of the above cases citing *Lewis* for the proposition that an objection is timely if made before the assigned judge takes the bench, there is no indication that the judge did anything in the case before the objection was filed. *But see Kellogg,* 810 S.W.2d at 304 (objection filed before assigned judge took the bench and called the case to a hearing, but after assigned judge signed an order, held timely).

We conclude that *Lewis* provides only a partial explanation of the timeliness requirements of section 74.053(c). This Court in *Lewis* made the affirmative statement that an objection is timely if made before the judge takes the bench to preside over a hearing or trial. We do not read *Lewis* to say that a hearing, within the meaning of section 74.053(c), *must* be in open court. *Lewis* does not stand for the proposition that there can be no other circumstances under which a section 74.053 objection can be timely.

### Definition of "Hearing"

We must look further than *Lewis* to determine the scope of timeliness under section 74.053. To do so we must consider the meaning of the term "hearing" as used in the statute. The government code does not define the word "hearing." We are certainly cognizant of the most widely known and accepted concept, a relatively formal proceeding in which witnesses are heard and evidence presented. BLACK'S LAW DICTIONARY 721 (6th ed.1990). This definition appears to imply that physical presence of the parties is required. The word "hearing" has also been defined as an "opportunity to be heard or to present one's side of a case." WEBSTER'S THIRD NEW INT'L DICTIONARY 1044 (3rd ed.1981). However, this definition is broad enough to include written materials.

### Case Law

We have carefully considered many cases involving an objection lodged pursuant to section 74.053. Both Houston courts of appeals have addressed the question but did so without a discussion of the distinction we now consider. The First District Court of Appeals has held that "[t]he objection must be the first matter presented to the visiting judge for a ruling.... If the objection is filed after the visiting judge makes any ruling, even on a motion for continuance, the objection is too late." *Morris v. Short,* 902 S.W.2d 566, 569 (Tex.App.—Houston [1st Dist.] 1995, writ denied). The Fourteenth District Court of Appeals has held that "[o]bjections filed after an assigned judge considers a motion for continuance are untimely." *$19,070 v. State,* 869 S.W.2d 608, 614 (Tex. App.—Houston [14th Dist.] 1994, no writ).

The above-quoted statements in *Morris* and *$19,070* are superfluous. In *Morris,* the plaintiff filed the objection four days after the visiting judge presided over a hearing in the case. In *$19,070,* the objection was lodged after the visiting judge called the case to trial. In these cases, the clear wording of the statute leaves no question as to the untimeliness of both objections.

We next considered the authority cited by *Morris* and *$19,070.* *Morris* relies on the statute and two cases, *Money v. Jones,* 766 S.W.2d 307 (Tex.App.—Dallas 1989, writ denied), and *Logic Sciences, Inc. v. Smith,* 798 S.W.2d 394 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). *$19,070* also cites *Money.* Obviously, the statute itself is not as explicit as *Morris* and *$19,070* imply. If it

were, this discussion would be unnecessary. Unfortunately, *Money* and *Smith* do little to aid us in determining just what section 74.053(c) requires.

In *Money*, the plaintiff lodged an oral objection to the visiting judge, then "reserved" his right to object. The visiting judge then presided over a hearing on the plaintiff's motion for continuance. After the judge denied the motion, the plaintiff made a second oral objection and then filed a written objection. Relying on the fact that the record showed the objection was filed after the first hearing was conducted by the visiting judge, this Court held that the objection was untimely. *Money*, 766 S.W.2d at 308. *Money* does not hold that the objection must be the first matter presented to the visiting judge for a ruling or that objections filed after an assigned judge considers a motion for continuance are untimely.

Likewise, the *Smith* opinion does not go this far. The court in *Smith* listed all actions the visiting judge had taken in the case before the defendants filed their objection, including signing an order, conducting two pretrial conferences, and granting a nonsuit of two defendants. The court held that, based on these facts, it was too late to object to the assignment. *Smith*, 798 S.W.2d at 395. The court did not explain why.

Another case addressing the timeliness of an objection to an assigned judge is *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334 (Tex. App.—San Antonio 1994, writ denied). In *Hawkins*, the court relied on the fact that the assigned judge signed his first order in the case five months before Hawkins filed his objection to find the objection untimely. *Id.* at 342. Later in its discussion of that point, the court also mentioned that the assigned judge had "heard and ruled on several matters" before Hawkins filed his objection. *Id.* at 343. Although the record may have shown that a hearing in open court was held before Hawkins lodged his objection, the court appears to rely on the assigned judge's act of ruling on an issue and signing an order.

## Conclusion

As explained above, the fact situations in *Morris* and *$19,070* did not require a consideration of the exact question before us because, in those cases, the assigned judges presided over hearings before objections were lodged. Additionally, the authorities relied on by *Morris* and *$19,070* are not authority for the statements attributed to them. However, we agree that if an objection to the assigned judge is filed after the assigned judge makes any ruling in the case, the objection is late.

In reaching this conclusion, we are strongly influenced by the supreme court's holding in *Gulf Coast Investment Corp. v. Nasa 1 Business Center*, 754 S.W.2d 152 (Tex.). In *Gulf Coast*, the supreme court referenced rule 7 of the Rules of Judicial Administration, which encourages trial court judges to use the telephone and mail in lieu of personal appearances by attorneys for motion hearings and other pretrial business to expedite the disposition of cases. Tex.R. Jud. Admin. 7(a)(6)(b). The supreme court held that "[u]nless required by the express language or the context of the particular rule, therefore, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Gulf Coast Inv. Corp.*, 754 S.W.2d at 153. Thus, the supreme court contemplates "hearings" outside the courtroom, rather than only in open court.

■ We hold that when a party files a motion requesting affirmative relief and the judge considers the merits of the arguments and rules on the matter, there has been a hearing within the meaning of section 74.053. The statute contemplates a presentation of argument accompanied by judicial examination and a ruling. To constitute a "hearing," oral argument is not necessary. Further, a "hearing" need not take place in a courtroom while the assigned judge sits on the bench in the presence of counsel. *See Gulf Coast Inv. Corp.*, 754 S.W.2d at 153. We consider this to be the just and reasonable result intended by the legislature when it enacted section 74.053. *See* Tex. Gov't Code Ann. § 311.021(3) (Vernon 1988).

We conclude that Perkins's objection was not timely because it was filed after the assigned judge had heard and ruled on two motions filed by Perkins. Consequently, the trial court did not err in denying Perkins's objection, the assigned judge was not disqualified, and the summary judgment is not void. We overrule Perkins's first point of error.

## STATUTE OF LIMITATIONS

In his fourth point of error, Perkins asserts the trial court erred in denying his motion for summary judgment. Relying on *Camacho*, he argues that he is entitled to judgment as a matter of law because the complained-of bond fees are unauthorized. In his second point of error, Perkins contends the trial court erred in granting summary judgment in favor of the County because the County did not establish as a matter of law that Perkins's claim is barred by the two-year statute of limitations. Perkins argues that this suit falls within the four-year residual limitations statute.

### 1. Facts

The last bond fee was collected May 29, 1992. Perkins filed his petition on May 4, 1994. Perkins enclosed a letter with his petition containing the statement: "At a later date a request for preparation and service of citations will be made." By letter dated and filed June 16, 1994, Perkins requested service on all defendants. Citation issued on June 17, 1994 and service was completed on June 20, 1994.

### 2. Applicable Law

#### a. Summary Judgment

To obtain a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). When both parties move for summary judgment, each party must carry his own burden of establishing a right to judgment. Neither can prevail solely because the other party failed to discharge his burden. *Gonzalez v. State Bar of Texas,* 904 S.W.2d 823, 825 (Tex. App.—San Antonio 1995, writ denied). When counter motions for summary judgment are properly before the trial court at the time judgment is rendered, all the evidence accompanying both motions should be considered in deciding whether to grant either party's motion. *Id.* As both parties were movants below, we must indulge all reasonable inferences and resolve all doubts in favor of the losing party. *Bossin v. Towber,* 894 S.W.2d 25, 29 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

The summary judgment motion must expressly present specific grounds for summary judgment. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). Summary judgment for a defendant is proper when the summary judgment evidence conclusively negates at least one factual element of each theory pleaded by the plaintiff or conclusively establishes all the elements of the defendant's affirmative defense. *See Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990); *Chambers v. City of Lancaster,* 843 S.W.2d 143, 147 (Tex. App.—Dallas 1992), *aff'd in part, rev'd in part on other grounds,* 883 S.W.2d 650 (Tex. 1994). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

When the order granting summary judgment does not specify the particular grounds the trial court sustained, on appeal, the summary judgment opponent must defeat each summary judgment ground argued by the movant. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). Otherwise, an appellate court must uphold the summary judgment on any ground that is supported by the evidence and pleadings. *Id.*

#### b. Limitations

The two-year statute of limitations under civil practice and remedies code section 16.003(a) applies to claims for extortion under former article 3909. *Bowles v. Reed,* 913 S.W.2d 652, 658 (Tex.App.—Waco 1995, writ denied). Mere filing of suit will

not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990). "When a defendant ... has affirmatively pleaded the defense of limitations, and when failure to timely serve the defendant has been shown, the burden shifts to the plaintiff ... to explain the delay." *Id.*

### 3. Application of Law to Facts

■ Perkins sued for the return of the bond approval fees he paid to the County. He alleged that the County extorted money from him through the fees. This is a claim for the unlawful conversion of his personal property, his money, by the County. *Bowles,* 913 S.W.2d at 658. The two-year statute of limitations under civil practice and remedies code section 16.003(a) applies. *Id.*

■ The County collected the last bond fee from Perkins on May 29, 1992. Applying the two-year statute of limitations, Perkins was required to invoke the trial court's jurisdiction on or before May 29, 1994. Perkins filed his original petition on May 4, 1994, but on that date he informed the clerk of the court that he would request issuance and service of citation at a later date. He made that request on June 16, 1994. Service of citation was not complete until June 20, 1994, more than two years after the last bond fee was collected from Perkins.

In its motion for summary judgment the County asserted that Perkins's claim is barred by limitations. The County alleged that Perkins did not procure issuance and service of citation within the two-year time limit. The burden shifted to Perkins to explain the delay. *Murray,* 800 S.W.2d at 830. Perkins did not file a response to the County's motion for summary judgment. We find no explanation for the delay in the summary judgment evidence. Perkins has not shown he exercised due diligence in procuring issuance and service of citation. Consequently, this suit is barred by limitations. *Id.* The trial court did not err in denying Perkins's motion for summary judgment or in granting the County's motion for summary judgment. We overrule Perkins's second and fourth points of error.

Due to our disposition of points of error two and four, we need not reach Perkins's third point of error.

We affirm the trial court's judgment.