NUMBER 13-98-612-CV 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



JAVIER E. DE LA GARZA 

AND JAVIER E. DE LA GARZA, 

M.D., P.A., Appellant, 



v. 



KNAPP MEDICAL CENTER, Appellee. 

___________________________________________________________________ 



On appeal from the 370th District Court 

of Hidalgo County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez, and Rodriguez 

Opinion by Justice Dorsey 



This case concerns the procedure for properly and timely objecting to a visiting judge.
Appellant, De La Garza, is a physician who filed suit against Knapp Medical Center (KMC),
where he formerly had active staff privileges, alleging various causes of action. On July
20, 1998, assigned Judge Robert Barnes signed an order dismissing the case. De La Garza
contends that he filed a timely objection to assignment of Judge Barnes, and that Barnes'
order dismissing the case is void. Appellee contends that De La Garza did not make an
adequate and timely objection to assignment of Judge Barnes, and that De La Garza has
presented this court with an insufficient record to show entitlement to any relief. 

De La Garza filed the original petition in this suit in May of 1994. The case was
removed to federal court, then remanded to the 275th Judicial District Court of Hidalgo
County in October of 1994. It appears from the clerk's record that all orders were signed
by the judge of the 275th District Court, Juan R. Partida, until August of 1996. Notably,
on April 21, 1996, Judge Partida signed an order requiring De La Garza to give security
for costs accruing in the suit within twenty days. (Because the suit sought an accounting,
substantial auditor's fees had accumulated.) It appears that De La Garza failed to give
security in accordance with this order, and defendant KMC filed a motion to dismiss on
that basis in September of 1996. No hearing was held on the motion to dismiss until much
later. 

In early 1997, the case was transferred from the 275th District Court to the 370th
District Court. This transfer was done by agreement between Judge Partida (of the 275th
District) and Judge Noe Gonzales of the 370th District. 

Then, in August of 1997, and again in February of 1998, Judge Noe Gonzales signed
orders of referral requesting the Presiding Judge assign yet another judge to the case due
to the fact that Judge Gonzales had two capital murder cases scheduled for trial. Both
these orders indicate they were sent to each attorney of record. On February 17, 1998, the
Presiding Judge assigned the case to Judge Robert Barnes pursuant to Texas Government Code
section 74.056. The clerk's record does not indicate if notice of the assignment was given
to the attorneys. On July 15, 1998, Judge Barnes signed an order setting a hearing on
KMC's motion to dismiss for the 20th of July. De La Garza filed a pro se written objection
to the assigned judge at 9:00 a.m. the morning of the hearing. 

Although De La Garza appears to have filed a timely objection to the assigned judge,
there is no indication that he presented the objection and obtained a ruling before Judge
Barnes proceeded to hear and make a ruling on KMC's motion to dismiss. After hearing the
motion to dismiss, Judge Barnes dismissed De La Garza's suit. There is no indication that
De La Garza presented his objection to any court for a ruling, or indeed, that he did
anything other than file the objection. Because no transcript was made of that hearing, we
are unable to determine whether De La Garza urged his objection orally at any time during
the hearing. 

After the suit was dismissed, De La Garza filed a motion for new trial. His basis for
seeking new trial was that his suit was improperly dismissed for failure to pay costs
because he had been led to believe by his attorneys that the security for costs had been
paid, and thus, it would be unfair to penalize him for the attorneys' misrepresentations.
No issue was raised in the written motion for new trial regarding objection to Judge
Barnes. The oral hearing on De La Garza's motion for new trial was held on September 21,
1998, again, before Judge Barnes. The transcript of that hearing reveals that, again, De
La Garza never mentioned any objection to Judge Barnes' assignment. Upon denial of his
motion for new trial, De La Garza timely perfected this appeal. 

His sole point is that the trial court erred in continuing to hear issues in the case
after he filed his objection to assignment of Judge Barnes. He contends that
disqualification was mandatory, and thus, all orders issued by Judge Barnes are void. We
hold that he waived his objection by failing to timely present and obtain a ruling upon
it. 

Section 74.056 of the Texas Government Code allows a presiding judge to assign judges
of the administrative region to hold special or regular terms of court to try cases and
dispose of accumulated business. Tex. Govt. Code Ann. 75.056(a) (Vernon 1998). Under
section 74.053, the presiding judge must give notice of the assignment to each attorney
representing a party in the case if it is reasonable and practicable and time
permits. Id. at 74.053(a). A party may object to the assignment of a judge. Id.
at 74.053(b). "The objection, which may be made without cause or reason,
automatically disqualifies the assigned judge." In re Houston Lighting &
Power Co., 976 S.W.2d 671, 672 (Tex. 1998). Unless the case is assigned to a former
judge or justice who was not a retired judge, each party is only entitled to one objection
to the assignment. Tex. Govt. Code Ann. 75.056 (b), (d) (Vernon 1998). 

The statute requires an objection to be filed before the first hearing or trial,
including pretrial hearings, over which the assigned judge is to preside. Id. at
74.053 (b). Once a timely objection is made, disqualification is automatic, and mandamus
is available if the assigned judge overrules the timely objection to having him or her
preside over the case. See Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436,
437, 440-41 (Tex. 1997). Any subsequent orders made by that judge are void. Id.
at 437. 

However, the right to object under section 74.053 may be waived. Texas Employment
Commission v. Alvarez, 915 S.W.2d 161, 164-65 (Tex. App.--Corpus Christi 1996, no
writ); see also Chandler v. Chandler, 991 S.W.2d 367, 383-84 (Tex.
App.--El Paso 1999, pet. denied) (holding that party waived objection although written
objection timely filed where party did not present and obtain a ruling before judge
conducted hearings on other matters in the case). The objection must be the first matter
presented to the visiting judge for a ruling. Chandler, 991 S.W.2d at 383; Morris
v. Short, 902 S.W.2d 566, 569 (Tex. App.--Houston [1st Dist.] 1995, writ denied).
This requirement imposes an obligation on the complaining litigant to urge the objection
at the commencement of the first hearing if it has not already been determined by the
visiting judge stepping aside or by the administrative presiding judge directing the
visiting judge to step aside. Chandler, 991 S.W.2d at 383. The objection must be
presented to the assigned judge and ruled upon as a preliminary matter before the visiting
judge is prohibited from hearing the case. Id. 

While we agree that the prohibition from hearing a case is mandatory upon a proper
objection, under the circumstances of this case, however, we hold that De La Garza's
objection was insufficient to trigger the mandatory prohibition. De La Garza has provided
this court with no indication that the assigned judge was presented with sufficient
information to know that he was the subject of a timely objection under section 74.053. Cf.
Flores v. Banner, 932 S.W.2d 500, 502 (Tex. 1996) (holding adequate an objection that
gave assigned judge "sufficient information to know that he was the subject" of
objection). The objection must be presented to the assigned judge and ruled upon as a
preliminary matter before the assigned judge becomes prohibited from hearing the case. Alvarez,
915 S.W.2d at 164-65; see Chandler, 991 S.W.2d at 383-84; Morris v. Short,
902 S.W.2d 566, 568-69 (Tex. App.--Houston [1st Dist.] 1995, writ denied); see also
Tivoli Corp. v. Jewelers Mut. Ins. Co., 932 S.W.2d 704, 709 (Tex. App.--San Antonio
1996, writ denied); $19,070 v. State, 869 S.W.2d 608, 614 (Tex. App.--Houston
[14th Dist.] 1994, no writ). The purpose of the requirement that the objection be the
first matter heard is to avoid a situation that would encourage litigants to delay
objections until they "get a feeling" for how a judge is going to rule in a
case. Logic Sciences, Inc. v. Smith, 798 S.W.2d 394, 395 (Tex. App.--Houston [1st
Dist.] 1990, orig. proceeding). We hold that De La Garza's failure to present his
timely-filed objection and obtain a ruling prior to proceeding with other matters in the
case before the court waived his automatic strike under section 74.053. 



The decision of the trial court is AFFIRMED. 



______________________________ 

J. BONNER DORSEY, 

Justice 



Do not publish. 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 28th day of April, 2000.