No. 04-99-00767-CV


IN THE MATTER OF M.A.V.,


Appellant





From the County Court at Law, Webb County, Texas

Trial Court No. 98-CV1-00078-L1

Honorable Pat Priest, Judge Presiding


Opinion by: Karen Angelini, Justice

Dissenting opinion by: Paul W. Green, justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice 

 Karen Angelini, Justice


Delivered and Filed: January 31, 2001


REVERSED AND REMANDED


 M.A.V. appeals the juvenile court's order certifying him to be tried as an adult. (1)
 He attacks
the certification and transfer order in four issues. We reverse the trial court's judgment and remand
the cause for further proceedings. 



Factual & Procedural History

 In March, 1991, the State sought to certify M.A.V. to stand trial as an adult for crimes
allegedly committed when he was sixteen. M.A.V. was charged with seven counts of capital murder,
three counts of murder, eleven counts of burglary, and one count of theft. The trial court entered a
certification order, which was reversed and remanded to the trial court to hold jury trials on
temporary hospitalization and fitness to proceed. See M.A.V. v. Webb County Court at Law, 842
S.W.2d 739 (Tex. App.-San Antonio 1992, writ denied). M.A.V. was found fit to proceed. He
escaped from juvenile custody in 1993 and was found in Mexico in 1995. Once M.A.V. was returned
to Texas, the State reinitiated proceedings to certify him as an adult. The trial court waived its
jurisdiction and ordered M.A.V. to criminal court to stand trial as an adult. This court, again, reversed
and remanded the certification order, requiring the State to proceed under the proper Family Code
section. In the Matter of M.A.V., 954 S.W.2d 117, 119 (Tex. App.-San Antonio 1997, pet. denied).
The State, for the third time, undertook to certify M.A.V., and the trial court certified him to be tried
as an adult in criminal court for the alleged offenses. It is from this certification and transfer order that
M.A.V. appeals. 

 In four issues, M.A.V. challenges the certification and transfer order. First, M.A.V. asserts
the trial judge erred in not removing himself from the certification hearing. Second, he claims there
is no affirmative showing in the record that he received service of summons. Next, M.A.V. argues
the trial court abused its discretion in finding the State exercised due diligence. And, finally, M.A.V.
alleges that all the proceedings against him were not recorded in compliance with the Family Code
and that he was harmed by that failure. 


Discussion

 In his first issue, M.A.V. claims the trial judge, a visiting judge, erroneously refused to remove
himself from the certification proceeding, over M.A.V.'s timely objection. The Texas Government
Code allows a party to object to the assignment of a judge to his or her case. Tex. Gov't Code Ann.
§ 74.053 (Vernon 1998). When the objection is timely, the assigned judge "shall not hear the case."
Id. § 74.053(b). Such an "objection is timely if the party files it before the first hearing or trial over
which the assigned judge is to preside." Id. § 74.053(c); Flores v. Banner, 932 S.W.2d 500, 501
(Tex. 1996); see In re Torch Energy Mktg., Inc., 989 S.W.2d 20, 21 (Tex. App. -San Antonio 1998,
no pet.). "[W]hen a party files a motion requesting affirmative relief and the judge considers the
merits of the arguments and rules on the matter, there has been a hearing within the meaning of
section 74.053." Perkins v. Groff, 936 S.W.2d 661, 666 (Tex. App.-Dallas 1996, writ denied). 

 M.A.V. filed his "Peremptory Strike of Visiting Judge" on September 13, 1999, at 9:00 a.m.
M.A.V.'s certification and transfer hearing was held the same day. Immediately after the trial judge
called the case, he acknowledged that M.A.V. had filed the motion that morning. The following
colloquy then took place:


 Judge: The first one that needs to be taken up is Respondent's
peremptory strike for a visiting judge because if I'm
not qualified to hear the matter then the rest of it
becomes terribly moot.


 Mr. Gonzalez do you wish to offer anything additional
in support of your motion to strike me as judge in the
case?


 Gonzalez: No, Your Honor.


 Judge: Does the State have any response to it?


 State: Your Honor, this particular aspect - we have been to
this avenue before, Your Honor, and the State feels
that he would be entitled to strike.


 Judge: Well I think you and he are both wrong. We had a
meeting in chambers at which I discussed the matter
and told Mr. Gonzales if he wanted to raise a - - a
competency issue that he should file documents by a
date in April. He filed nothing until today and
therefore I feel that he has waived any right to strike
me as judge in the case by failing to raise it in the time
- - raise it in a timely fashion. 


 The trial judge then asked the State if it had anything, in addition, to say. The State responded
that it was unsure of the law on the point and requested a ten minute recess to research the issue.
Once the court was back in session, the State again agreed to the motion. The judge, still, denied
M.A.V.'s motion. 

 M.A.V. claims that the denial of his timely motion was erroneous. The State counters that
"the visiting judge had already acted and ruled in the particular case," and that, accordingly, M.A.V.'s
motion was untimely. The State characterizes the in-chambers meeting held regarding a "competency
issue" as the hearing or trial necessary to render M.A.V.'s motion untimely. It is undisputed that this
meeting occurred. The record, however, does not reflect that either party filed any motions, or that
the trial judge ruled on the merits of any motions at the conference. Because the record does not
indicate that either party made any formal requests or motions during that meeting, or that the trial
judge ruled on the merits of any issue, we cannot assume that a hearing, as contemplated by section
74.053, was held before M.A.V. filed his motion. See Perkins, 936 S.W.2d at 666. We are, therefore,
compelled to find that M.A.V.'s motion was filed timely. And, when a party files a timely objection
to an assigned judge, the judge's disqualification is mandatory. Flores, 932 S.W.2d at 501; Curtis v.
State, 762 S.W.2d 958, 959 (Tex. App.-Dallas 1988, no writ). The trial judge, here, upon M.A.V.'s
timely objection was disqualified, and any judgment he rendered is, therefore, void. Flores, 932
S.W.2d at 501; Curtis, 762 S.W.2d at 960. 

Conclusion

 Because we find the trial court erred in refusing to remove himself over M.A.V.'s timely
objection, we do not reach the remainder of M.A.V.'s claims. We reverse the trial court's judgment
and remand the case for additional proceedings.


 Karen Angelini, Justice

PUBLISH
















 

1. Because the alleged offense occurred before January 1, 1996, M.A.V. is entitled to appeal. See Act of May
23, 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466, 2466, amended by Act of May 27, 1995, 74th
Leg., R.S., ch. 262, §§ 48, 106(b), 1995 Tex Gen. Laws 2517, 2546, 2591 (section 56.01(c) of the Family Code no
longer permits interlocutory appeal of the transfer and certification order).